Tart, C. J.
This court has held that only those orders of the Board of Tax Appeals made in quasi-judicial proceedings are subject to the revisory jurisdiction conferred upon this court by Section 2 of Article IY of the Constitution. Zangerle, Aud., v. Evatt, Tax Commr. (1942), 139 Ohio St., 563, 41 N. E. (2d), 369. If any party in this cause had contended that the order appealed from was an administrative rather than a quasi-judicial order, this court might well consider whether and hold that the appeal should be dismissed. However, in appealing, the budget commission must necessarily take the position that the order appealed from was a quasi-judicial order. Otherwise, its appeal would be subject to dismissal. Furthermore, neither the Board of Tax Appeals nor the Ohio Power Company has asked for a dismissal of this appeal. On the contrary, they have asked this court to affirm the order appealed from. To so affirm, this court would have to recognize that order as a quasi-judicial order.
Therefore, since neither party has contended that the order *227 appealed from was not made in a quasi-judicial proceeding,[2] we will assume that it was.
The budget commission contends that the Board of Tax Appeals was without statutory authority to issue an order of the kind appealed from. If that contention is sound, it will necessarily follow that the order appealed from is unlawful and must, under Section 5717.04, Revised Code, be vacated.
The Board of Tax Appeals, being a creature of statute, is limited to the powers conferred upon it by statute. Steward v. Evatt, Tax Commr. (1944), 143 Ohio St., 547, 56 N. E. (2d), 159.
In contending that the Board of Tax Appeals had statutory authority to make the order appealed from, the board first relies upon the portion of Section 5703.02 (D), Revised Code, reading:
“The Board of Tax Appeals shall exercise the following powers and perform the following duties * * *: Í < * * *
“(D) Exercise the authority provided by law relative to the action of local taxing authorities in levying taxes * *
It is apparent that a further examination of our statutes must be made in order to determine what authority is provided by law for the Board of Tax Appeals to issue any order relative to the action of local taxing authorities in levying taxes.
The next statute relied upon by the Board of Tax Appeals is Section 5715.29, Revised Code, which reads:
“The Board of Tax Appeals shall prescribe such general and uniform rules and regulations and issue such orders and instructions, not inconsistent with law, as it deems necessary, as to the exercise of the powers and the discharge of the duties of all officers which relate to the assessment of property and *228 the levy and collection of taxes. The hoard shall cause the rules and regulations prescribed by it to be observed, the orders and instructions issued by it to be obeyed, and the forms prescribed by it to be observed and used.” (Emphasis as in brief of Board of Tax Appeals.)
How the board is to do what is specified by this last sentence is set forth in Section 5715.38, Revised Code, which reads in part:
“The Board of Tax Appeals may institute proceedings to remedy improper or negligent administration of the taxation laws.”
The foregoing Section 5715.29 expressly requires that the “rules and regulations” must be “general and uniform.” There is some doubt as to whether the language of the statute necessarily requires that “orders and instructions” be “general and uniform.” However, the statute limits “orders and instructions” to those “as to the exercise of the powers and the discharge of the duties [relative to levy and collection of taxes] of all officers, ’ ’ — not just one or only a few officers such as those of Morgan County. Those limiting words tend to indicate that the General Assembly did not intend by those words to confer authority to issue an order to one or only a few officers.
This conclusion is fortified by considering the immediately preceding Section 5715.28, Revised Code, which is also relied upon by the Board of Tax Appeals and which reads:
“The Department of Taxation [which includes the Board of Tax Appeals] shall decide all questions that arise as to the construction of any statute affecting the assessment, levy or collection of taxes, in accordance with the advice and opinion of the Attorney General. Such opinion and the rules, regulations, orders, and instructions of the department prescribed and issued in conformity therewith shall be binding upon all officers, who shall observe such rules and regulations and obey such orders and instructions, unless the same are reversed, annulled, or modified by a court of competent jurisdiction.”
Here, reference is made to “rules, regulations, orders, and instructions” to “be binding upon all officers.” This tends to indicate that the General Assembly did not contemplate “orders” which would “be binding upon” only one or a few officers. *229 This statute also expressly recognizes that “such rules and regulations and * * * such orders and instructions” are to be effective “unless the same are reversed, annulled, or modified by a court of competent jurisdiction.” Thus, the General Assembly apparently had in mind the same kind of judicial review for “orders” as for “rules and regulations.” Those “rules and regulations” could not be reviewed on a direct appeal therefrom by this court because they would represent the product of administrative powers rather than of quasi-judicial powers. Zangerle v. Evatt, supra (139 Ohio St., 563). This also tends to indicate that, in providing for orders of the Board of Tax Appeals relating to the levy of taxes, the General Assembly had in mind general orders, which would likewise represent the product of administrative powers, rather than specific orders to one or a few officers which might represent the product of quasi-judicial powers. Cf. Section 5713.08, Bevised Code, providing for application to the Board of Tax Appeals for exemption of specific property from taxation, which application would result in an order made pursuant to the quasi-judicial powers of that board. There is no statutory provision for an application to the Board of Tax Appeals which might result in an order relating to the levy of taxes.
Our conclusion is that any power or authority that the Board of Tax Appeals may have to issue orders relative to the action of local taxing authorities in levying taxes does not include the power or authority to make a quasi-judicial order directing a particular county budget commission to revise its budget.
In so holding, we do not intend to express any opinion as to whether the Board of Tax Appeals may or may not institute and successfully maintain proceedings to require a county budget commission to remedy what the board regards as improper action of such budget commission in levying taxes. Nor do we intend to express any opinion as to whether any part of the tax levy for county purposes for 1963 in Morgan County is or is not illegal. We further express no opinion as to whether the budget commission could have avoided any effect of this order without attacking it directly by this appeal.
In view of our conclusion that the Board of Tax Appeals *230 had no power or authority to make a quasi-judicial order of the kind appealed from, that order is vacated.

Order vacated.

Zimmerman, O’Neill, Grieeith and Herbert, JJ., concur.
Matthias and Gibson, JJ., dissent.

However, the joint brief of the Board of Tax Appeals and the Ohio Power Company, in explaining the status of the Ohio Power Company in this appeal, states that the order appealed from was made by the Board of Tax Appeals pursuant to “powers * * * not related to its adjudicatory functions, but * * * rather administrative powers.” Also, after referring to the statutes relied upon as authority for the order appealed from, that brief states that “the Board of Tax Appeals was acting as the supreme administrative authority over the local taxing officials.”

For litigation with respect to a prior order of that board made in response to the same petition, see State, ex rel. Board of Tax Appeals, v. Morgan County Budget Commission (1963), 174 Ohio St., 297, 189 N. E. (2d), 124.