LANG, FISHER & STASHOWER ADVERTISING, INC., APPELLANT.
*v.* COLLINS, TAX COMMR., APPELLEE.

[Cite as Lang, Fisher & Stashower Advertising v. Collins (1976), 46 Ohio St. 2d 285.]

(No. 75-1167—Decided May 26, 1976.)

*Messrs. Hahn, Loeser, Freedheim, Dean & Wellman, Mr. Neil K. Evans, Mr. Randall D. Luke* and *Mr. Richard E. Hahn,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Michael L. Moushey,* for appellee.

*Per Curiam.* The "60-day letter" or notice of intent to levy an assessment is not a final determination that Lang, Fisher & Stashower Advertising, Inc., is a vendor. Of course, the notice reflects the view held by the Tax Commissioner at that time that appellant was a vendor. However, the notice is not a *final* determination by the commissioner. Until such time as the commissioner makes a final determination, the initial determination expressed in the notice is subject to modification or review by him.

Since the notice is not a final determination by the Tax Commissioner, the Board of Tax Appeals correctly found that it was without jurisdiction to consider the appeal. R. C. 5717.02; *Michelin Tire Corp.* v. *Kosydar* (1974), 38 Ohio St. 2d 254, 313 N. E. 2d 394.

For the foregoing reason, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.