TURNER CONSTRUCTION COMPANY, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as Turner Constr. Co. v. Lindley (1980),
61 Ohio St. 2d 124.]

(No. 79-795—Decided January 30, 1980.)

*Messrs. Frost & Jacobs, Mr. Dennis J. Barron* and *Mr. Larry H. McMillin,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

HERBERT, J. The dispositive issue in this cause is whether the January 22, 1979, order of the Tax Commissioner is appealable to the BTA under the authority of R. C. 5703.02(A)(4) and 5717.02. Turner argues in the first instance that the BTA has jurisdiction to hear appeals from "all orders" of the Tax Commissioner. Alternatively, Turner contends that the commissioner's vacating order is itself a "final determination" and is appealable.[1]

The BTA is a legislative creation whose appellate powers are specified by statute. R. C. 5703.02; *Steward* v. *Evatt* (1944), 143 Ohio St. 547, 56 N.E. 2d 159. Consequently, compliance with jurisdictional enactments is essential before the BTA may review questions arising from determinations of the Tax Commissioner under the operation of the tax laws. *Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 383 N.E. 2d 896; *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 388 N.E. 2d 1240.

R. C. 5703.02 sets forth the general powers and duties of the BTA, and provides in relevant part that the board shall:

"(A) Exercise the authority provided by law to hear and determine all appeals of questions of law and facts***including but not limited to appeals from:

"***

"(4) Final determinations by the tax commissioner***of any preliminary, amended, or final tax***determinations, findings, computations, or orders made by him***."

Pursuant to the enabling provisions of R. C. 5703.02(A)(4), *cf. Morgan County Budget Comm.* v. *Bd. of*

---

[1] Turner's further contention that the BTA addressed the merits of this cause notwithstanding its refusal to assume jurisdiction is not supported by the record. *Cf. Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 383 N.E. 2d 896.

*Tax Appeals* (1963), 175 Ohio St. 225, 193 N.E. 2d 145, the General Assembly has provided in R. C. 5717.02 that:

"Appeals from final determinations by the tax commissioner***of any preliminary, amended or final tax assessments***or orders made by***[the] commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of tax assessment, reassessment***or order by***[the] commissioner is required by law to be given***."

It is established that under the provisions of R. C. 5703.02 and 5717.02, the BTA has jurisdiction to hear and determine appeals from orders of the Tax Commissioner when the order appealed represents the commissioner's final determination with respect to that cause. *Rowland* v. *Lindley* (1979), 58 Ohio St. 2d 15, 387 N.E. 2d 1367; *Lindley* v. *Ferguson* (1977), 52 Ohio St. 2d 60, 369 N.E. 2d 482; *Lang, Fisher & Stashower Advertising* v. *Collins* (1976), 46 Ohio St. 2d 285, 347 N.E. 2d 538. Turner contends that the above construction of R. C. 5703.02 and 5717.02 is incorrect, and urges this court to construe these statutory provisions in a manner which would allow "all orders" of the Tax Commissioner to be appealed to the BTA. In support of this proposition, Turner relies principally upon *Pittsburgh Steel Co.* v. *Bowers* (1961), 172 Ohio St. 14, 173 N.E. 2d 361, wherein this court stated, at page 19, that "[a]n examination of***[R. C. 5703.02(E) and 5717.02] definitely indicates that the Board of Tax Appeals has jurisdiction under the present law to review *any* order or finding of the Tax Commissioner." (Emphasis *sic.*)

In our view, neither Turner's proposed construction of these statutes, nor its reliance upon the dictum of this court in *Pittsburgh Steel,* is supported by an analysis of the statutory history of R. C. 5703.02 and 5717.02. As originally enacted, neither R. C. 5703.02 nor 5717.02 circumscribed appeals to only those arising from "final determinations" or "final tax orders" of the commissioner. R. C. 5703.02 initially empowered the BTA to exercise the authority provided by law to hear and determine all appeals, including appeals for review of "any tax assessments***or orders" made by the

Tax Commissioner.[2] Similarly, R. C. 5717.02 originally provided in general terms that "appeals from***orders of the tax commissioner" were authorized.[3] Subsequently, however, the General Assembly amended R. C. 5717.02 and limited appeals to those arising from "final determinations" or "final tax***orders" of the Tax Commissioner.[4] Identical language was thereafter added to R. C. 5703.02.[5] These amendments express a clear legislative intent to require finality in those appeals filed with the BTA from, *inter alia,* tax orders of the commissioner. Accordingly, the aforestated language from *Pittsburgh Steel,* which was predicated in part upon the statutory language of R. C. 5703.02(E) empowering the board to hear appeals from any tax order of the commissioner,[6] may not be persuasively utilized in the cause at bar.

With reference to Turner's assertion that the order in question is a "final determination" within the meaning of R. C. 5717.02, it suffices to note that the order expressly stayed the instant cause pending "further administrative proceedings."

In conclusion, an order of the Tax Commissioner, which sets aside a sales and use tax reassessment order made 20 days previous thereto and declares that the determination of the subject application relative to the reassessment will be held in abeyance pending further administrative proceedings, is not a final determination in the cause and is not appealable to the Board of Tax Appeals.

---

[2] See G. C. 1464-1, 118 Ohio Laws 344, 345, Am. Sub. S. B. No. 159, effective May 15, 1939.

[3] See G. C. 5611, 118 Ohio Laws 344, 353, Am. Sub. S. B. No. 159, effective May 15, 1939.

[4] See G. C. 5611, 119 Ohio Laws 34, 48, Am. S. B. No. 77, effective July 4, 1941.

[5] See R. C. 5703.02, as amended, 136 Ohio Laws 3182, 3216, Am. Sub. H. B. No. 920, effective October 11, 1976.

[6] R. C. 5703.02(E), as amended at the time *Pittsburgh Steel* was decided (see 128 Ohio Laws 410, Am. S. B. No. 370, effective November 4, 1959), was in pertinent part not different from its predecessor provisions (see fn. 2), in that it empowered the BTA to:

"(E) Exercise the authority provided by law to hear and determine all appeals***including appeals from *any* tax assessments, valuations, determinations, findings, computations, or orders made by the tax commissioner***." (Emphasis added.)

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.