### STANTON etc. v. TAX COMMISSION.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9264.  Decided May 21, 1928.

Syllabus by Editorial Staff.

TAXES—Public Utilities (470 T)—Real Estate (510 T8).

(560 T)  Tax Commission has authority and power to assess valuation of real estate owned by Telegraph and Telephone Companies in Ohio, and order assessing such real estate is not subject to review by courts.

Error to Common Pleas.

Judgment affirmed.

E. C. Stanton, Pros. Atty., H. E. Parsons, Cleveland, for Stanton.

Tolles, Hoggsett & Ginn, Cleveland, for Tax Commission.

### STATEMENT OF FACTS.

This is a proceeding in error instituted by the prosecuting attorney, under favor of 5611-12 GC., etc., seeking to review a final order of the Tax Commission.

The order sought to be reviewed, fixed the value of the entire property of the Ohio Bell Telephone Co. for taxing purposes, for the year 1927, and apportioned this among the various counties and taxing districts of the state.

The material facts necessary to an understanding of the questions involved, are as follows:

As required by 5449 GC., the Tel. Co., filed its annual report for the year ending December 31, 1926, with the Tax Commission. As part of said annual report, there was a detailed statement of real estate owned by it in Ohio, where situated, and the assessed value on December 31, 1926, included within which was the new main building site in Cleveland, on which the construction of the new main building had been started, but the building itself had not been included in the tax duplicate, so that the company reported to the Commission that the land for this building site was assessed for taxation at $480,230.

In addition to the main building site, other lands and buildings in Cuyahoga County were reported to the Commission in the amount of $3,195,410.00, making a grand total valuation of lands and buildings in Cuyahoga county, of $3,675,640.00.

In the Company's annual report, under an item, "Construction work in progress" there were included expenditures made to December 31, 1926, on account of the new main building in Cleveland, as follows:

Building .....................$3,811,302.72
Central office telephone equip.... 2,672,241.02

Total .......................$6,483,543.74

With this report of the preceding year and other evidence before it, the Tax Commission, as is required by law, on July 15, 1927, fixed the total value for taxation of the real and personal property of the telephone company in Ohio, as follows:

| Name of Co. | Property used in operation including moneys and credits | Real Estate | Total Final Valuation |
|---|---|---|---|
| Ohio Bell Tel. Co. | $72,157,480 | $8,292,860 | $80,450,340 |

and ordered the total valuation as so fixed after deducting the valuation of the real estate, to be apportioned among the various counties and taxing districts in the state.

In August, 1927, the auditor of Cuyahoga County proceeding under the provisions of 5564 GC., which requires persons and corporations erecting improvements, to notify the auditor of the improvement, and give him an estimate of the cost, requested the telephone company to file an affidavit of the cost of its uncompleted new main building in Cleveland, as of March 31, 1927. The telephone company, pursuant to this request, prepared, executed and filed an affidavit showing the cost to the date mentioned, in excess of $4,000,000.00.

On October 3, 1927, the tax commission certified its valuation and apportionment to Cuyahoga Co., the apportionment being made on a wire mile basis, and advising the auditor of Cuyahoga Co. in substance that there should appear on his duplicate, apportioned among the various taxing districts of his county, personal property $28,087,630. The certificate also advised him as follows:

"In addition to the sum of this certificate, there should appear on this tax duplicate the sum of $3,675,640.00 to cover the value of real estate."

This certificate was received by the auditor on Nov. 30, 1927.

On November 19, 1927, the auditor, on the basis of the affidavit that had been furnished him by the telephone company, assessed the value of the partially completed new main building in Cleveland, on the tax duplicate of said county, in the amount of $3,441,000.00, thus making the total assessed value of all real estate in Cuyahoga Co. $7,116,640.00, or $3,441,000 more than directed by the tax commission. In addition, the auditor placed on his personal property duplicate the $28,087,630.00 directed by the commission.

The telephone company has declined to pay the tax on this additional real estate assessment of $3,441,000 and this suit aims to lay a foundation upon which Cuyahoga Co. will endeavor to collect the tax by litigation.

LEVINE, J.

It will be seen that since the Tax Commission had included in its entire valuation the expenditures made to December 31, 1926, on the new main building which were reported to it under the head of "Work in Progress" and apportioned this amount among the various counties on a wire mile basis, as authorized by statute, the inevitable result would be that if the auditor has the authority to increase the real estate duplicate, as he has done, the telephone company will be taxed twice on its new building, and will be required to pay on a total valuation of $83,891,340 in the state, or $3,441,000 more than that fixed by the tax commission, and which is conceded to be correct.

The prosecuting attorney, in instituting the proceedings to review the order of the tax commission, does not claim that the valuation fixed by the commission was not the true value in money, of all the property of that company. His complaint is directed at the order of distribution concerning which it is contended—(1), that the tax commission is without authority to appraise the real estate of an express, telegraph or telephone company, that being within the sole jurisdiction of the county auditor, and (2), that the commission apportioned the valuation exclusively on a wire mile basis, when it should have been apportioned on a wire mile and property basis.

In support of this contention we are referred to 5548 GC.

The prosecutor maintains the term "assessor" as used in the above section, was intended to mean "appraiser." That the limitation upon the authority of the auditor as contained in the above section, merely relates to the valuation of the property of any public utility, but does not relate to the appraisal of any real estate of such public utility.

It will be noted, however, that the limitation upon the authority of the auditor, and relating to the power conferred upon the tax commission of Ohio, contains the phrase, "In the matter of the valuation and assessment of the property of any public utility." The construction which the prosecuting attorney seeks to place upon this phrase would amount to an elimination of the words, "and assessment."

In order to uphold the contention of the prosecuting attorney namely, that the auditor is the sole assessor of all real estate of whatever kind, no matter by whom owned, found in his county, and including the real estate owned by the telephone company, it would be necessary to insert in 5451 GC. language which is not there, namely, "that the commission shall ascertain and assess the value of the property of the telephone company with the exception of real estate owned by and situated in a given county."

From time to time various sections of the Code were amended, but the purpose of applying the "unit rule" of valuation to express, telegraph and telephone companies was ever present.

We are referred to 5455 GC.

It will be noted that the phrase, "after deducting the value of the real estate," is not present in 5451-52 GC., which deal with the duty of the tax commission of Ohio, to ascertain and assess the value of the property of a telephone company.

If the contention of the prosecuting attorney be correct, that the auditor of the county is the sole assessor of all real estate found in his county, even though owned by telephone companies, it would be but reasonable to say that, if that were the intention of the legislature, it would have inserted in these two sections, which make it the duty of the tax commission to ascertain and assess the valuation of property of telephone companies, the same phrase which is found in the apportionment section, namely, "after deducting the value of the real estate." This phrase, in our opinion, was deliberately omitted from 5451-52 GC., and deliberately inserted in 5456 GC., which deals with apportionment.

The language found in 5456 GC., "after deducting the value of the real estate," lends probability and strength to the contention of counsel for defendant in error that in making an assessment, the tax commission of Ohio must include the value of the real estate, and that the provision for deducting the value of the real estate, relates only to the matter of apportionment.

The tax commission having made a legal and proper order at the time the order was made, the same could not, on any theory, be held to be erroneous, because many months later a cir-

cumstance took place which was not in existence at the time the order was made.

A study of the Code, wherein the right to review orders of the tax commission of Ohio, is given, becomes necessary in order to determine just what orders of the tax commission of Ohio are subject to review. GC. 5611-1 provides: (Here follows quotation of this section.)

GC. 5611-2: (Here follows quotation of this section.)

These two sections must be read together in order to determine the question as to what orders of the Tax Commission of Ohio may be so reviewed. Note the language of the first section.

"Whenever the tax commission of Ohio determines the valuation or liability of property for taxation, such determination shall become final, unless reversed, vacated or modified as hereinafter provided."

The following section, which provides for proceedings to reverse, etc., must necessarily be read in connection with the preceding section.

It appears, therefore, that the orders of the tax commission of Ohio which are subject to review according to the Code, are orders determining the valuation or liability of property for taxation.

The right to review the order of the tax commission of Ohio is statutory and unless a proceedings to review comes within the statute, it cannot be maintained.

The language of the Code, it seems to us, is quite clear that only such orders of the Tax Commission as determine the valuation or liability of property for taxation can be reviewed by petition in error.

The duty of the tax commission to apportion, is a ministerial one, which has nothing to do with determining the valuation or liability of property for taxation.

We are of the opinion that the order of apportionment required to be made by the Tax Commission, under the provisions of 5456 GC., is not an order contemplated by 5611-1 GC., and 5611-2 GC., which provide for a proceeding to obtain a reversal, vacation or modification of the orders of the tax commission.

Having, therefore, determined that the tax commission has the authority and power to assess the valuation of real estate owned by telegraph and telephone companies, it is unnecessary for us to review the order for apportionment made by the tax commission for the reason that in our opinion, such an order is not subject to review under the provisions of the Code.

We therefore hold that in the matter of the assessment of the real estate of telephone companies, the tax commission has assessing authority and may consider the same in assessing the value of the entire property of such companies in this State wherever situated.

This construction which we adopt, preserves the essence of the "unit rule" which was the purpose of all recent tax legislation relating to public utilities.

Were we to adopt the contention of the prosecuting attorney, and thereby virtually permit a double tax upon the same property, the result would be unjust and would accomplish no other purpose except to embarrass legitimate enterprises in Ohio.

We find no error in the decision of the Common Pleas Court and the same will therefore be affirmed.

(Sullivan, PJ., and Vickery, J., concur.)