**TAX COMMISSION et v ANCASTER CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13923.   Decided Dec 3, 1934

Frank T. Cullitan, County Prosecutor, Cleveland, and Margaret R. Lawrence, Asst. Prosecutor, Cleveland, for plaintiffs in error.

Ralph Stickle, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By LEMERT, J.

From an examination of the record before us we are of the opinion that the court below was right in holding that the appeal was perfected to the Tax Commission within thirty days after the decision of the Board of Revision.

On the question of whether or not the Court of Common Pleas had jurisdiction to make an order respecting the value of the property in question, we turn to §5611 GC which provides as follows:

"The tax commission of Ohio may hear the appeal on the record, minutes and evidence thus submitted or may in its discretion make other investigations with respect to the complaint. The commission shall ascertain and determine the true value in money of the property complained of and certify its action to the county auditor, who shall correct the tax list and duplicate in the manner provided by law for making corrections thereon."

In acting on this complaint, the Tax Commission made no determination of the value of the property. That being so, we are of the opinion that it was error for the judge of the Court of Common Pleas to consider any of the testimony contained in the transcript and make an independent finding as to the true value of the property.

Sec 5611-2 GC, provides as follows:

"The proceeding to obtain such reversal, vacation or modification shall be by petition in error filed in the Court of Common Pleas, instituted by the person or persons in whose name the property is listed for taxation, or by any person or official authorized to file a complaint against any valuation or assessment under the provisions of §5609 GC."

It has been held in the case of **Stanton v Tax Commission of Ohio, 28 Oh Ap 398,** (6 Abs 558), that "Only orders of State Tax Commission which determine valuation or liability of property for taxation can be reviewed by petition in error under §5611-1. GC, making determination as to valuation or liability of property final, unless reversed as provided by act."

In Railway v Beard, 283 Fed. 313, in construing said §5611-2 GC, it was stated that "the court was only authorized to consider the valuation appealed from."

We are therefore of the opinion that the Court of Common Pleas was without jurisdiction to make a final order or finding concerning the true value of the property which was the subject of the complaint and so holding it necessarily follows that the finding and judgment of the Court of Com-

mon Pleas will be reversed and said cause is remanded to the tax commission for further proceedings according to law. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur in judgment.