Weygandt, C. J.
 

 The first case relating to the year 1938 involves a procedural question not present in the second.
 

 
 *549
 
 A certificate of the order of the Tax Commissioner was mailed to the appellees on September 29,1939, and they received it the following day. Forty-two days after the mailing date the appellees filed their appeal with the Board of Tax Appeals. A motion was thereafter filed asking the dismissal of the appeal on the ground that the board was without jurisdiction to consider the matter since the appeal was not filed within thirty days. The board failed to decide the motion and proceeded to determine the substantive question.
 

 This was error. Cognate Sections 5394 (115 Ohio Laws, 569) and 5611 (118 Ohio Laws, 353), General Code, as then in effect, provided in clear, unambiguous terms that within thirty days after the mailing of such notice such taxpayer may appeal. As already noted, these appellees delayed forty-two days. They seek to excuse this delay by stating that they had communicated with an employee of the Department of Taxation and that he had misinformed them as to the final date for perfecting an appeal. However, it is not suggested that the statutes conferred authority upon the Board of Tax Appeals to extend the period; and if the board itself possessed no such authority,
 
 a fortiori
 
 its employee could grant no extension.
 

 But the appellees contend further that if they were too late in filing their formal appeal on the forty-second day, they can rely upon their earlier informal letter mistakenly addressed to the “Tax Commission of Ohio” under the date of October 25, 1939. This view involves at least two difficulties. In the first place the letter is merely a complaint in which the reasons for the decision are asked, and no mention of an appeal is made. Second, the evidence shows that neither the Tax Commissioner nor the appellees themselves treated the letter as an appeal.
 

 Inasmuch as the Board of Tax Appeals is a creature of statute and is limited to the powers with which it
 
 *550
 
 is thereby invested, it was without jurisdiction to consider this belated appeal.
 
 Leimbach
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 191. Hence, in this case relating to the year 1938 the decision is reversed and the cause is remanded to the board with instruction to enter a dismissal of the appeal.
 

 Since the preliminary procedural difficulty is not present in the second case, it is necessary to give consideration to the question whether the board was in error in holding that the giving of the note for $2,500 did not constitute the payment of interest and should not .be included as a part of the appellees’ income yield for the year 1939.
 

 The answer to this question depends upon the intention of the parties to the note. Unfortunately the record in this case — unlike that in the first — discloses no helpful evidence except the single fact that in their return the appellees did not include the amount of the note, apparently on the theory that their acceptance of the instrument was not considered as payment of that part of the interest then due. Nor is there evidence to indicate whether the note ever was paid. In its decision the Board of Tax Appeals held that “the mere delivery to and acceptance by the appellants of the additional note in the amount of $2,500 did not constitute payment of interest on the original note and therefore was not income yield within the provisions of Section 5389 of the Greneral Code; that said original note was taxable for said year as a productive investment on the basis of an income yield of $722, the amount of interest actually paid.”
 

 Was this reasoning erroneous? It is a general rule of law that payment of an obligation ordinarily must be made in money. However, other things, such as commercial paper, may be accepted by a creditor; but such acceptance does not constitute payment or satisfaction of the debt in the absence of- an express or
 
 *551
 
 implied agreement that it shall be so considered.
 
 Merrick
 
 v.
 
 J. Boury & Sons,
 
 4 Ohio St., 60;
 
 Leach
 
 v.
 
 Church, Admr.,
 
 15 Ohio St., 169;
 
 First Natl. Bk. of Athens
 
 v.
 
 Green,
 
 40 Ohio St., 431;
 
 Chase
 
 v.
 
 Brundage,
 
 58 Ohio St., 517, 51 N. E., 31; 31 Ohio Jurisprudence, 176; 21 Ruling Case Law, 58. In the instant case there is nothing to indicate that the note for $2,500 was either delivered or accepted with an intention that it be regarded as payment or satisfaction. Hence, the Board of Tax Appeals was not in error in its conclusion that the mere delivery and acceptance of the additional note did not constitute payment of interest on the original note and therefore was not income yield.
 

 The decision of the Board of Tax Appeals in this second case was neither unreasonable nor unlawful and therefore must be affirmed.
 

 Decision reversed and cause remanded in
 

 No. 29786.
 

 Decision affirmed in No. 29787.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.