CAMPANELLA, AUDITOR, APPELLANT, *v.*
LINDLEY, TAX COMMR., ET AL., APPELLEES.

[Cite as Campanella v. Lindley (1981), 67 Ohio St. 2d 290.]

(No. 80-1814—Decided July 22, 1981.)

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley, Ms. Margaret Anne Foster, Mr. William Mitchell, Jr.,* and *Mr. Joseph Nahra,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. John C. Duffy, Jr.,* and *Mr. Charles M. Steines,* for appellee Tax Commissioner.

HOLMES, J. Broadly speaking, we are faced with the question of whether a county auditor may appeal the Tax Commissioner's apportionment, among the various counties and taxing districts of the state, of the value of property owned by a telephone company.

The Board of Tax Appeals (board) based its determination that it had no jurisdiction, and dismissed appellant's appeal, on alternative grounds. First, the board ruled that the apportionment was not a determination, finding, computation, or order, as those terms are used in R. C. 5717.02; thus, it was stated by the board, the apportionment was not an appealable order. Alternatively, the board reasoned that by virtue of R. C. 5727.47, the apportionment was not a final determination.

Addressing first the question of whether the apportionment was an appealable order, we look to R. C. 5717.02, which provides, in pertinent part:

"Appeals from final determinations by the tax commissioner or the commissioner of tax equalization of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by either commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by either commissioner is required by law to be given, by the director of budget and management if the revenues affected by such decision would accrue primarily to the state treasury, or by the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue."

Central to answering this question is whether the apportionment which R. C. 5727.21 requires the appellee to make is a determination, finding, computation, or order. We hold that the language used by the General Assembly in R. C. 5717.02 is broad enough to encompass this apportionment. Essentially, the appellee is required to "compute" or "determine" the proportionate share of the value of property to be allocated to each county in which the property is located. This allocation, pursuant to R. C. 5727.21, is to be made according to "the proportion that the length of the lines of wire owned by the company in

the county bears to the whole length of the lines of wire in all the counties in the state."

However, the board ruled that certain language used in R. C. 5727.47 evidences legislative intent that an apportionment is not an appealable order. R. C. 5727.47 gives public utilities the right to be heard by the Tax Commissioner as to the correctness of any determination, finding, or order after it has been certified to the proper officer. The second paragraph of R. C. 5727.47 requires notice of any application for review filed by a utility to be sent to the county auditor and county treasurer of each county "to which any such determination, finding or apportionment has been certified." Because the word "apportionment" was substituted for "order," the board reasoned that an apportionment must not be a determination, finding, or order.

We disagree. The fact that "order" and "apportionment" are used interchangeably in R. C. 5727.47 leads to a conclusion opposite to the one reached by the board. This interchanged use demonstrates that the General Assembly intended the concepts to be synonymous. Therefore, we conclude that an apportionment made under R. C. 5727.21 is an appealable order pursuant to R. C. 5717.02.[2]

Next, we must decide whether the apportionment was the final determination of the Tax Commissioner. It has been stated repeatedly that, under R. C. 5717.02, the board has jurisdiction to hear appeals only from final orders. See, *e.g.,* *Turner Constr. Co.* v. *Lindley* (1980), 61 Ohio St. 2d 124. The question of finality is raised because R. C. 5727.47[3] allows a utility taxpayer to seek redetermination and review by the Tax Commissioner.

---

[2] In ruling that the apportionment was not an appealable order, the board also relied upon *Stanton* v. *Tax Commission* (1928), 28 Ohio App. 398. However, a comparison of R. C. 5717.02, set forth above, and G.C. 5611-1, the statute upon which *Stanton* was based (see 28 Ohio App. at 409), demonstrates that *Stanton* is of no precedential value to the present case.

[3] The relevant portion of R. C. 5727.47 provides:

"Any public utility may be heard by the tax commissioner as to the correctness of any determination, finding, or order of the commissioner after the same has been certified to the proper officer. A copy of such certification shall be mailed to the public utility, and the mailing thereof shall be prima-facie evidence of the receipt of the same by the public utility to which it is addressed. Application for a review and redetermination of any such determination, finding, or order must be filed in writing within thirty days from the date of the mailing of such copy."

Thus, appellee argues that there is no right of appeal to the board unless and until the public utility taxpayer has exercised its right under R. C. 5727.47 for redetermination and review. In support of this argument, appellee relies on *Michelin Tire Corp.* v. *Kosydar* (1974), 38 Ohio St. 2d 254.

In *Michelin Tire Corp.*, a taxpayer appealed a preliminary assessment to the board. However, the taxpayer had not exercised his right of review and redetermination which was provided for in R. C. 5711.31. In affirming the board's dismissal of the taxpayer's appeal, this court held that the preliminary assessment did not become final, for purposes of appeal, until and unless the taxpayer exercised his right of review and redetermination, provided for by R. C. 5711.31.

*Michelin Tire Corp.* is distinguishable from the present appeal because, here, the appellant had no right to review and redetermination. The appellant could do nothing to require the appellee to reconsider the apportionment.

That the appellee's order was final, insofar as it was applicable to this appellant, is further demonstrated by R. C. 5727.23. This section[4] requires the county auditor, upon receipt of the apportionment from the commissioner, to place the apportioned valuation on the proper tax lists and duplicates. The county auditor has no opportunity to obtain review of any sort by the commissioner. As far as the county auditor is concerned, the commissioner's jurisdiction terminates with the certification required in R. C. 5727.23. The fact that the General Assembly has afforded a public utility taxpayer a right of review to the commissioner should not be the basis for denying an otherwise valid appeal by a county auditor. Consequently, we hold that for purposes of an appeal to the Board of Tax Appeals, by a county auditor, the commissioner's determination made pursuant to R. C. 5727.21 is final

---

[4] R. C. 5727.23 reads:

"On the first Monday in October, the tax commissioner shall certify to the county auditor the amount apportioned to his county and to each municipal corporation, township, or other taxing district therein as determined under sections 5727.13, 5727.15, 5727.21, and 5727.22 of the Revised Code.

"The county auditor shall place the apportioned valuation and assessments on the proper tax lists and duplicates, and taxes shall be levied and collected thereon at the same rates and in the same manner as taxes are levied and collected on real property in the taxing district in question."

when certified to the county auditor, as required by R. C. 5727.23.

Based upon the foregoing, we hold that R. C. 5717.02 invests the Board of Tax Appeals with jurisdiction to hear a county auditor's appeal of the apportionment made by the Tax Commissioner pursuant to R. C. 5727.21.

Accordingly, the decision of the Board of Tax Appeals is reversed, and the cause is remanded for hearing on the merits.

*Decision reversed and*
*cause remanded.*

SWEENEY, LOCHER and C. BROWN, JJ., concur.

CELEBREZZE, C. J., W. BROWN and P. BROWN, JJ., dissent.

PAUL W. BROWN, J., dissenting. The sole issue presented herein is whether the Board of Tax Appeals erred in its determination that it lacked jurisdiction to hear the auditor's appeal of the commissioner's apportionment order. The majority holds that it did. However, since I find no error, I dissent.

Basic to my dissent is the fact that the Board of Tax Appeals is a creature of statute—having been created by the General Assembly, the power and authority of the Board of Tax Appeals is limited to that conferred by statute. *Cooke* v. *Kinney* (1981), 65 Ohio St. 2d 7; *Turner Constr. Co.* v. *Lindley* (1980), 61 Ohio St. 2d 124; and *Steward* v. *Evatt* (1944), 143 Ohio St. 547. Therefore, absent an express grant of authority, the Board of Tax Appeals may not exercise jurisdiction in this matter.

While I agree with the majority that, for purposes of R. C. 5727.47, the words "order" and "apportionment" are used interchangeably, I do not believe that this finding is dispositive of the issue herein presented. The ultimate question remains: Does R. C. 5717.02 authorize an appeal to the Board of Tax Appeals of the commissioner's apportionment order? I am of the opinion that it does not.

In pertinent part, R. C. 5717.02 states: "Appeals from final determinations by the tax commissioner***of any preliminary, amended, or final *tax* assessments, reassessments, valuations, determinations, findings, computations, or orders***may be taken to the board of tax appeals***." (Em-

phasis added.) The majority holds that the commissioner's apportionment decision falls within the ambit of R. C. 5717.02 because the commissioner "is required to 'compute' or 'determine' the proportionate share of the value of property to be allocated to each county***."

In reaching today's decision, the majority effectively eradicates the modifying word "tax" from the statute. The General Assembly did not intend that all computations would be appealable; rather, it intended that only the commissioner's "tax" computations are subject to appeal. In order to qualify as a "tax" computation, the commissioner's action must relate to the *taxable status* of the property in question. See *Pittsburgh Steel Co.* v. *Bowers* (1961), 172 Ohio St. 14. Inherent in any determination affecting the taxable status of property is an exercise of some discretion or decision making on the part of the commissioner. Such discretion is clearly absent in this case. Here, the taxable status of the property had already been established, without objection. The commissioner's action merely divided the value of the property among the appropriate counties.[5]

Because I do not believe that the computation involved herein was a "tax" computation, I would affirm the Board of Tax Appeals.

CELEBREZZE, C. J., and W. BROWN, J., concur in the foregoing dissenting opinion.

---

[5] In R. C. 5727.21, the General Assembly has established a simple and direct formula for apportioning the value of utility property among the counties. In essence, the apportionment is made on a wire-mile basis. The gist of appellant's complaint is that the commissioner has failed to properly apply the statutory apportionment formula.

There are no facts before us from which we can decide this issue; however, it appears, at least facially, that the appellant's claim has merit. R. C. 5727.21 requires the apportionment to be based upon the "lines of wire" owned by the company in the county. In his apportionment order, the commissioner apparently distinguishes between "ordinary wire" and "coaxial cable." I can see no statutory basis for this distinction—either something is a "line of wire" or it is not. To the extent the commissioner has deviated from the statutory formula, appellant may be entitled to relief. However, I remain firm in my conviction that such relief is by way of mandamus and not by appeal.