HATCHADORIAN, AUDITOR, APPELLANT, *v.* LINDLEY, TAX COMMR., ET AL., APPELLEES.

[Cite as Hatchadorian *v.* Lindley (1983), 3 Ohio St. 3d 19.]

(Nos. 82-384 and 82-385—Decided March 2, 1983.)

Messrs. *Kelley, McCann & Livingstone, Mr. Walter Kelley, Ms. Michael Anne Johnson* and *Mr. Fred J. Livingstone,* for appellant.

Mr. *William J. Brown,* attorney general, Mr. *James C. Sauer* and Mr. *Charles M. Steines,* for appellee Tax Commissioner.

Messrs. *Jones, Day, Reavis & Pogue, Mr. Raymond J. Durn* and Mr. *Timothy J. Sheehan,* for appellee Ohio Telephone & Telegraph Co.

*Per Curiam.* The question presented is when and whether a county auditor may appeal the Tax Commissioner's assessment of the value of the property of a public utility.

R.C. 5717.02 reads, in pertinent part:

"Appeals from final determinations by the tax commissioner * * * of * * * valuations * * * may be taken to the board of tax appeals * * * by the county auditors of the counties to * * * which the revenues * * * primarily accrue."

On its face, therefore, the statute authorized appellant to prosecute the instant appeal. Appellees contend, however, that appellant lacks standing to appeal and that even if he does not, the commissioner's Certificate of Valuation and Distribution was not an appealable order because it was not a final determination. Appellees argue that the phrase "county auditors of the coun-

ties to * * * which the revenues * * * primarily accrue" refers only to county auditors of counties to which a principal proportion of the revenue accrues. Noting that the proportion received by Cuyahoga County amounts to less than five percent of the total, appellee Ohio Telephone & Telegraph argues that appellant has no statutory authority to perfect the instant appeal.

Appellees' construction of the requirements for standing in R.C. 5717.02 was implicitly rejected by this court in the recent case of *Campanella* v. *Lindley* (1981), 67 Ohio St. 2d 290 [21 O.O.3d 182], in which it was held that R.C. 5717.02 invests the Board of Tax Appeals with jurisdiction to hear a county auditor's appeal from the commissioner's apportionment. Although the subject matter of the appeal in *Campanella* was apportionment and not valuation, the legal principle still applies. The qualifying phrase in R.C. 5717.02 was meant to describe a class of persons entitled to appeal. Appellant is clearly a member of that class and has standing to bring the instant appeal.

Appellees also contend that R.C. 5727.47, which grants a pre-appeal remedy exclusively to the public utility-taxpayer, illustrates the General Assembly's intent to bar all others from obtaining review. This construction, however, contradicts the express language of R.C. 5717.02. The General Assembly's intent in enacting R.C. 5727.47 was merely to give the taxpayer, who has more at stake than anyone else, a remedy *in addition* to that which others enjoy.

Appellees' second contention is that the only way in which the commissioner's determination becomes final for purposes of appeal is by operation of R.C. 5727.47. Until and unless the taxpayer exercises his pre-appeal right of review, appellees argue, the commissioner's determination may not be considered final, and no one may perfect an appeal under R.C. 5717.02. We find this argument unpersuasive. As this court stated in *Campanella, supra,* at 294, "* * * [t]he fact that the General Assembly has afforded a public utility taxpayer a right of review * * * should not be the basis for denying an otherwise valid appeal by a county auditor." In addition, if appellant were to wait out the thirty-day period in which the taxpayer may exercise his pre-appeal remedy, appellant's own right to appeal would expire.

Appellees finally contend that appellant, as a "person interested," foreclosed his opportunity to appeal to the board by failing to apply to appear and be heard by the commissioner pursuant to R.C. 5727.19. That section reads in pertinent part:

"On the first Monday in July * * * the * * * commissioner shall * * * assess the value of the property of the * * * telephone companies in this state.

"* * *

"Before the assessment * * * is determined, *any* company or *person interested may,* * * * appear before the commissioner and *be heard in the matter of the valuation* of the property of any company for taxation.

"Between the date * * * for the assessment [the first Monday in July]

* * * and the date * * * for the certification * * * of the apportioned valuation to the several counties, [the first Monday in October] *the commissioner may, on the application of any interested person * * * correct the assessment or valuation* of the property * * *." (Emphasis added.)

Appellees argue that having made no application under R.C. 5727.19, appellant failed to exhaust his administrative remedies and thereby lost his right of appeal.

Appellant concedes that he made no application to be heard, but contends his failure to apply on the matter of valuation was not dispositive of his right of appeal. While R.C. 5727.19 arguably provides appellant with constructive notice of the *time to be heard* on the matter of the commissioner's valuation, appellant is not entitled to and does not receive notice of the substance of valuation until the time to be heard has expired, *i.e.,* until he receives the Certificate of Valuation and Distribution. As this court stated in *Campanella, supra,* at 294, "* * * here, the appellant had no right to review and redetermination. The appellant could do nothing to require the appellee [commissioner] to reconsider the apportionment." This was precisely appellant's situation in the instant case. *At the time he filed his notice of appeal,* appellant could do nothing else to require appellee-commissioner to reconsider the valuation. This court concluded in *Campanella* that because the appellant therein had no alternative remedy, the appellee's order was final "insofar as it was applicable to * * * appellant * * *." *Id.* As appellant herein had no alternative remedy when he filed his appeal, he may exercise his rights under R.C. 5717.02.

We hold that R.C. 5717.02 invests the Board of Tax Appeals with jurisdiction to hear a county auditor's appeal of the assessment of value made by the Tax Commissioner and that such assessment becomes a final determination when certified to the county auditor.

Accordingly, the decisions of the Board of Tax Appeals are reversed, and the cause is remanded for a hearing on the merits.

*Decisions reversed*
*and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and WILSON, JJ., concur.

WILSON, J., of the Second Appellate District, sitting by assignment.