Makowski, Cty. Auditor, et al., Appellants, *v.* Limbach, Tax Commr., et al., Appellees.

(No. 87AP-709—Decided April 19, 1988.)

*Craig S. Albert,* prosecuting attorney, and *James R. Gorry,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellee Tax Commissioner.

*Michael Miller,* prosecuting attorney, and *Harland H. Hale,* for appellees county auditors.

Cook, J. On February 4, 1987, the Geauga County Auditor and the Budget Commission of Geauga County, plaintiffs-appellants, filed a complaint in the Court of Common Pleas of Franklin County, seeking a declaratory judgment as to whether the Ohio Tax Commissioner has statutory authority to correct an alleged error made by the commissioner in the distribution of state income tax monies to local libraries pursuant to R.C. 5747.47(A)(1). The complaint alleged that the Geauga County Auditor had placed an incorrect amount of current taxes levied in 1985 on the Geauga County classified tax list, the basis for distribution of the income tax funds; that the Tax Commissioner used this figure to determine Geauga County's share of the library and local government support fund for 1986; that this resulted in a reduction in Geauga County's share of the fund; that the Geauga County Auditor and the Budget Commission of Geauga County sought to have the error corrected in a letter to the Ohio Tax Commissioner dated November 28, 1986; and that the Tax Commissioner refused to make the correction on the basis of a lack of statutory authority.

On April 21, 1987, after filing an answer to the complaint, the Tax Com-

missioner filed a motion to dismiss the complaint for lack of jurisdiction. On June 4, 1987, the Franklin County Prosecutor, on behalf of other county auditors who had been made parties to the action, filed a motion for summary judgment raising the same issue.

On June 29, 1987, the trial court granted the motion of the Tax Commissioner and dismissed the complaint for lack of "subject matter" jurisdiction, as a result of the failure of the Geauga County Auditor and the Budget Commission of Geauga County to exhaust their administrative remedies by appealing the Tax Commissioner's determination of Geauga County's share of the state income tax monies to local public libraries to the Board of Tax Appeals. The court also declared the summary judgment motion filed on behalf of the other county auditors to be moot.

The Geauga County Auditor and the Budget Commission of Geauga County have appealed the judgment of the trial court and have filed the following assignment of error:

"The common pleas court erred in dismissing appellants' complaint for declaratory judgment for lack of subject matter jurisdiction."

The assigned error is without merit and is, therefore, overruled.

Appellants do not advance any argument as to the jurisdiction of the trial court over the subject of their action except to cite R.C. 2721.03, which provides, as to statutes, for declaratory judgment actions, and Civ. R. 57, which provides that the existence of an alternative remedy does not preclude declaratory relief when it is "appropriate." Rather, they mainly argue that the court erred in determining that it had no jurisdiction because the plaintiffs had not exhausted their administrative remedies by failing to appeal the Tax Commissioner's determination of Geauga County's share of the state income tax for local libraries to the Board of Tax Appeals.

It should first be noted that, while R.C. 2721.02 and 2721.03 grant common pleas courts the power to grant declaratory relief, they do not expand the court's subject-matter jurisdiction. Declaratory relief may only be granted within the areas of the court's subject-matter jurisdiction. *State, ex rel. Foreman,* v. *Bellefontaine Municipal Court* (1967), 12 Ohio St. 2d 26, 41 O.O. 2d 159, 231 N.E. 2d 70. In the *Foreman* case, the Supreme Court of Ohio, stated:

"Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act. * * *" *Id.* at 28, 41 O.O. 2d at 159-160, 231 N.E. 2d at 71.

Therefore, in the instant cause, if the trial court had no jurisdiction of the subject matter of the complaint filed by the Geauga County Auditor and the Budget Commission of Geauga County, then it could not entertain the complaint seeking a declaratory judgment as to the Tax Commissioner's statutory authority to correct an alleged error in the formula for distributing state income tax monies pursuant to R.C. 5747.47(A)(1).

In this regard, R.C. 5703.02, in pertinent part, provides:

"There is hereby created the board of tax appeals, which shall exercise the following powers and perform the following duties:

"(A) Exercise the authority provided by law to hear and determine all appeals of questions of law and fact arising under the tax laws of this state

in appeals from decisions, orders, determinations, or actions of any tax administrative agency established by the law of this state, including but not limited to appeals from:

"(1) Actions of county budget commissions;

"(2) Decisions of county boards of revision;

"(3) Actions of any assessing officer or other public official under the tax laws of this state;

"(4) Final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, *determinations, findings, computations,* or *orders* made by him;

"(5) Adoption and promulgation of rules of the tax commissioner." (Emphasis added.)

R.C. 5717.02, in pertinent part, provides:

"Except as otherwise provided by law, appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, *determinations, findings, computations, or orders* made by the commissioner may be taken to the board of tax appeals by the taxpayer, *by the person to whom notice of the tax assessment,* reassessment, valuation, *determination, finding, computation, or order* by the commissioner is required by law to be given, by the director of budget and management if the revenues affected by such decision would accrue primarily to the state treasury, *or by the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue. * * * Appeals* from a decision of the tax commissioner concerning an application for a property tax exemption may be taken to the board of tax appeals by a school district that filed a statement concerning such application under division (C) of section 5715.27 of the Revised Code." (Emphasis added.)

The Supreme Court of Ohio addressed the issue of what types of computations and determinations are appealable to the Ohio Board of Tax Appeals in *Campanella* v. *Lindley* (1981), 67 Ohio St. 2d 290, 21 O.O. 3d 182, 423 N.E. 2d 472, and *Hatchadorian* v. *Lindley* (1983), 3 Ohio St. 3d 19, 3 OBR 491, 445 N.E. 2d 659. In *Campanella,* the court held that the determination, pursuant to R.C. 5727.19, by the Tax Commissioner of the value of property of specified utilities for the purpose of the taxation of said property and the apportionment, pursuant to R.C. 5727.21, by the Tax Commissioner of the value of said property among the various counties in which each utility owns property was the type of determination, computation or finding to which R.C. 5717.02 referred, since the Tax Commissioner had to "compute" or "determine" the proportionate share of each county as to the total value of each utility's property. In *Hatchadorian,* the court held that the determination of the value of public utility property subject to taxation under R.C. Chapter 5727 was a computation by the Tax Commissioner that could be appealed to the Board of Tax Appeals. In both cases, the court held that the certification by the Tax Commissioner was a final determination of the Tax Commissioner and could be appealed by a county auditor to the Board of Tax Appeals.

The computations and certifications relating to the library and local government support fund required to be performed by the Tax Commissioner are similar to the computations and certifications by the Tax Commissioner found in *Campanella* and *Hatchadorian* to be the type of determina-

tion, computation or finding to which R.C. 5717.02 referred. The Tax Commissioner calculates or computes each county's share of the library and local government support fund based on that county's classified tax list and certifies that figure to that county's auditor.

We conclude the Tax Commissioner's computation and certification of the library and local government support fund pursuant to R.C. 5747.47(A)(1) is a computation and certification within the purview of R.C. 5717.02 and can therefore be appealed to the Board of Tax Appeals.

It should be noted that appeals to the courts from an adverse decision of the Board of Tax Appeals can only be to the Supreme Court of Ohio or a court of appeals.

For the above reasons, we further conclude that the Court of Common Pleas of Franklin County has no jurisdiction as to the distribution of the library and local government support fund pursuant to R.C. 5747.47(A)(1). Therefore, it has no jurisdiction to entertain an action seeking a declaratory judgment as to the Tax Commissioner's statutory authority to correct an alleged error by the Tax Commissioner in distributing said fund.

For the foregoing reasons, appellants' single assignment of error is overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY and YOUNG, JJ., concur.

ROBERT E. COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.