FRENCH, AUDITOR, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as French *v.* Limbach (1991), 59 Ohio St. 3d 153.]

(No. 90-974—Submitted March 12, 1991—Decided May 8, 1991.)

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellant.

*Lee I. Fisher,* attorney general, and *Richard C. Farrin,* for appellee.

HOLMES, J. The sole issue before the court is whether a preliminary

assessment certificate issued by the Tax Commissioner constitutes a final determination of the Tax Commissioner which can be appealed by a county auditor to the BTA pursuant to R.C. 5717.02. We do not decide the more fundamental questions of whether a county auditor has a right to appeal from any determination of the Tax Commissioner regarding intercounty personal property tax returns, or from any such assessment when it has become final by operation of law, since those issues are not necessary for our determination.

The BTA was created by statute and has only such jurisdiction and power as conferred upon it by the General Assembly. R.C. 5703.02. *Steward* v. *Evatt* (1944), 143 Ohio St. 547, 28 O.O. 472, 56 N.E. 2d 159; *Turner Constr. Co.* v. *Lindley* (1980), 61 Ohio St. 2d 124, 15 O.O. 3d 160, 399 N.E. 2d 1231. Jurisdiction over appeals from actions of the Tax Commissioner is conferred upon the BTA by R.C. 5717.02, which in pertinent part states as follows:

"* * * [A]ppeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals by the taxpayer * * * or by the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue."

As this provision states, the BTA has jurisdiction to hear appeals only from *final determinations* of the Tax Commissioner. Some confusion is presented by the language of this statute in that it also refers to final determinations "of any preliminary * * * assessments * * *." However, we hold that the intent and meaning of this enact-ment are that final determinations of the Tax Commissioner are the only determinations that are appealable to the BTA.

A preliminary assessment certificate issued pursuant to R.C. 5711.24 and 5711.25 is not a final determination of the Tax Commissioner. In fact, as pointed out by the appellee, a preliminary assessment certificate issued by the Tax Commissioner regarding an intercounty combined personal property tax return is not a determination by the Tax Commissioner at all. According to the Tax Commissioner, she simply takes the property and values listed on the returns by the taxpayer and breaks them down by county and taxing district. No changes are made to the taxpayer's listing of the property and values on its intercounty return, and the certificates are issued prior to any audit of the returns.

The preliminary assessment certificate serves the function of apportioning the property and values listed in an intercounty return among the various counties, broken down by taxing districts. See R.C. 5711.13, 5711.24 and 5711.25. It also serves to notify the counties of the assessed values listed by the taxpayer for the property situated in each taxing district within a particular county. This notification is necessary because, while single county returns are filed with the county auditor, via R.C. 5711.02, intercounty returns are filed only with the Tax Commissioner, via R.C. 5711.13. The counties need the assessed values listed by taxpayers on intercounty returns for property within the county in order to place those values on the county tax duplicate for budget and billing purposes.

Preliminary assessment certificates are, pursuant to R.C. 5711.25, transmitted by the Tax Commissioner

to the appropriate county auditors on or before the second Monday of August, annually. However, the property and value listed by the taxpayer on the return are not final. The Tax Commissioner has two years in which to assess property not listed in a return or assess listed property at a value higher than that listed on a return. R.C. 5711.25, and 5711.26. Any assessment resulting from such corrections would be made by the issuance of an amended preliminary assessment certificate to the taxpayer. Within thirty days of the mailing of such an assessment to the taxpayer, the taxpayer may file with the Tax Commissioner an application for review and redetermination of the assessment. R.C. 5711.31.

A hearing on the application is set, unless waived by the taxpayer, and notice of the time and place of the hearing is given to the taxpayer. The Tax Commissioner can either affirm or correct the assessment. The Tax Commissioner's action on the application is the final determination which is reflected in a certificate of determination which is transmitted to the taxpayer. If no appeal is taken from this final determination or upon final determination of an appeal which is taken, the Tax Commissioner notifies the county auditor of such final determination. Upon receipt of this notification, the county auditor is required to make any corrections to his records and tax lists and duplicates necessitated by the final determination. R.C. 5711.31.

As R.C. 5711.31 expressly states, "[t]he decision of the commissioner upon such application for review and redetermination shall be final with respect to the assessment of all taxable property listed in the return of the taxpayer and shall constitute to that extent the *final determination* of the commissioner with respect to such

assessment." (Emphasis added.) R.C. 5717.02 confers jurisdiction on the BTA to hear appeals from "final determinations by the tax commissioner of any preliminary, amended, or final tax assessments * * *." This provision does not authorize direct appeals from such assessments. Rather, appeals can be taken only from final determinations of these assessments. R.C. 5711.31 expressly designates what constitutes the final determination of the Tax Commissioner with respect to personal property tax assessments. Under the clear language of R.C. 5711.31 and 5717.02, an appeal cannot be taken from the issuance of a preliminary assessment certificate by the Tax Commissioner.

It is the position of the appellant that a preliminary assessment certificate is a "final determination" of the Tax Commissioner as to a county auditor, and he argues that this court has so held in its prior decisions. See *Campanella* v. *Lindley* (1981), 67 Ohio St. 2d 290, 21 O.O. 3d 182, 423 N.E. 2d 472; *Hatchadorian* v. *Lindley* (1983), 3 Ohio St. 3d 19, 3 OBR 491, 445 N.E. 2d 659. In those cases this court held that assessment or apportionment certificates issued by the Tax Commissioner to a county auditor for public utility property were final determinations of the Tax Commissioner with respect to the auditor, and were appealable by the auditor under R.C. 5717.02.

We hold that because those decisions involved the valuation and apportionment of public utility property for the purposes of the tax imposed on such property pursuant to R.C. Chapter 5727, and because the assessment process under that chapter at the time relevant to those decisions differed significantly from the assessment process under R.C. Chapter 5711, those decisions are inapposite, and appel-

lant's reliance on those decisions lends him no support.[1]

Public utility companies were required to file an annual report with the Tax Commissioner by the first day of March. R.C. 5727.08. Unlike the intercounty personal property tax returns, these reports were not the taxpayer's own assessment of its property. On the basis of information in the reports and other evidence, the Tax Commissioner determined the true value of the taxable property and assessed the taxable property at its true value or a specified percentage of it. Former R.C. 5727.10, Am. H.B. No. 145, 138 Ohio Laws, Part I, 1780, 1783.

Pursuant to former R.C. 5727.10, this assessment was required to be issued on or before the first Monday in September, annually. Before the first Monday in October, the public utility could file an application with the Tax Commissioner requesting a correction of the assessment. On or before that same date, which is also the last date the commissioner could correct the assessment on her own motion (former R.C. 5727.10), she was required to certify to the county auditor the value of taxable property apportioned to the taxing districts in that county. Former R.C. 5727.23, Am. H.B. No. 145, *supra,* at 1788. It was that certification that the county auditors appealed from in *Campanella*[2] and *Hat-*

*chadorian.* This certification and the related procedures are quite different from those involved in the issuance of a preliminary assessment certificate as found in this case. After the certificate required by former R.C. 5725.23 was issued, the Tax Commissioner could no longer assess and the public utility can no longer challenge the assessment. Former R.C. 5727.10. In contrast here, pursuant to R.C. 5711.25, the Tax Commissioner can assess the personal property of a taxpayer up to two years after the issuance of the preliminary assessment certificate.

The preliminary assessment certificates become final on the second Monday of August of the second year after the commissioner issues the certificates unless (1) the commissioner issues a final assessment certificate, (2) the taxpayer waives this time limit and consents to the issuance of a certificate after the time limit, or (3) the taxpayer applies for a review and redetermination pursuant to R.C. 5711.31, which waives the time limit. R.C. 5711.25. Accordingly, the commissioner has at least two years to audit the return and modify the assessment.

Thus, in the public utility property tax process, the certification is issued at the conclusion of the review and assessment process, while in the personal property tax process the preliminary assessment certificate is issued

---

[1] *Campanella* v. *Lindley* (1981), 67 Ohio St. 2d 290, 21 O.O. 3d 182, 423 N.E. 2d 472, and *Hatchadorian* v. *Lindley* (1983), 3 Ohio St. 3d 19, 3 OBR 491, 445 N.E. 2d 472, were legislatively overruled by Am. Sub. S.B. No. 156, Ohio Leg. Serv. (1989) 5-526, 5-534, effective December 31, 1989. (Amending R.C. 5727.23 and enacting R.C. 5727.231.) In this Act, the General Assembly declared that neither a prelimi-

nary assessment certificate nor its finalization by the expiration of a specified time period constituted a final determination for appeal pursuant to R.C. 5712.02.

[2] In *Campanella* the certification under R.C. 5727.23 resulted from a similar apportionment procedure for telephone and telegraph companies set forth in former R.C. 5727.17 through 5727.22.

prior to any review or assessment by the Tax Commissioner.

Therefore, we hold that a preliminary assessment certificate issued by the Tax Commissioner pursuant to R.C. 5711.24 is not a final determination of the Tax Commissioner which would authorize an appeal by the county auditor pursuant to R.C. 5717.02.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., dissents.

