WARMAN, AUDITOR, APPELLANT, *v.* TRACY, TAX COMMR., ET. AL., APPELLEES.

[Cite as *Warman v. Tracy* (1994), 70 Ohio St.3d 279.]

(No. 93–1693—Submitted June 9, 1994—Decided September 14, 1994.)

280

*Darrell Heckman,* Champaign County Prosecuting Attorney; and *Scott F. Sturges,* for appellant.

*Lee Fisher,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellee Tax Commissioner.

*Squire, Sanders & Dempsey* and *Ted B. Clevenger,* for appellee AT & T Communications of Ohio, Inc.

*Per Curiam.* Warman concedes that R.C. 5727.23 does not permit this appeal. We noted as much in *French v. Limbach* (1991), 59 Ohio St.3d 153, 156, 571 N.E.2d 717, 719, fn. 1. Nevertheless, Warman seeks a hearing to establish that the statute, as it applies to her, denies her due process.

However, *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, paragraph three of the syllabus states:

"The question of whether a tax statute is unconstitutional when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals, and the Board of Tax Appeals must receive evidence concerning this question if presented, even though the Board of Tax Appeals may not declare the statute unconstitutional. (*Bd. of Edn. of South-Western City Schools v. Kinney* [1986], 24 Ohio St.3d 184, 24 OBR 414, 494 N.E.2d 1109, construed)."

We hold that we have no jurisdiction to consider this constitutional claim. Warman asserts that the statute, as applied to her, is not constitutional. She did not mention this claim in her notice of appeal to the BTA, and, consequently, *Cleveland Gear* forecloses her appeal.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.