DeWeese, Cty. Aud., Appellant, *v.* Zaino, Tax Commr., et al., Appellees.

Yoder, Cty. Aud., Appellant, *v.* Zaino, Tax Commr., et al., Appellees.

Snider, Cty. Aud., Appellant, *v.* Zaino, Tax Commr., et al., Appellees.

[Cite as *DeWeese v. Zaino,* 100 Ohio St.3d 324, 2003-Ohio-6502.]

(Nos. 2002–1276, 2002–1277, and 2002–1278—Submitted September 23, 2003—Decided December 24, 2003.)

Alice Robie Resnick, J.

{¶ 1} These cases question the jurisdiction of the Board of Tax Appeals ("BTA") to consider appeals filed by county auditors who allege error by the Tax Commissioner involving personal property of a taxpayer that filed intercounty personal property tax returns. The personal property that the auditors challenge was neither listed in the taxpayer's intercounty personal property tax return nor considered in the Tax Commissioner's final determination.

{¶ 2} As required by R.C. 5711.13, Honda of America Mfg., Inc. ("Honda") filed intercounty personal property tax returns with the Tax Commissioner for the tax years 1996, 1997, and 1998. Honda also filed balance sheets for each year that set forth a line item value for personal property claimed to be exempt.

{¶ 3} The Tax Commissioner reviewed Honda's returns and issued amended assessment certificates for each tax year regarding the listed personal property. Honda challenged the Tax Commissioner's amended assessment certificates by filing petitions for reassessment. In its petitions for reassessment, Honda

contended, among other things, that the assessments included (1) capitalized interest that should not have been taxed, (2) repair parts and small tools whose value should be reduced, (3) patterns, jigs, dies, and drawings that should not have been taxed, and (4) intangible software that should not have been taxed.

{¶ 4} After investigating the claims in Honda's petition for reassessment, the Tax Commissioner issued his final determination, denying all of Honda's claims except for one minor accounting issue. The Tax Commissioner determined that the property that Honda had identified in its petitions for reassessment was indeed taxable at the assessed values.

{¶ 5} Honda appealed from the Tax Commissioner's final determination for each tax year to the Board of Tax Appeals ("BTA"). The auditors from Shelby, Logan, and Union counties filed separate appeals of the Tax Commissioner's final determinations with the BTA for each of the tax years. The basis for the appeals filed by the auditors was that the Tax Commissioner had erroneously exempted certain assets from taxation.

{¶ 6} The auditors filed motions with the BTA to consolidate their appeals with the appeals filed by Honda and to designate the appeals as complex litigation under Ohio Adm.Code 5717-1-07. Honda filed motions to dismiss the auditors' appeals, contending that the notices of appeal filed by the auditors were jurisdictionally defective for failure to specify error under R.C. 5717.02.

{¶ 7} The BTA granted Honda's motion to dismiss the auditors' appeals, ruling that the auditors' appeals went beyond the issues determined by the Tax Commissioner in his final determination. Each of the auditors has filed an appeal to this court. The auditors' separate appeals were consolidated by the court for hearing and decision.

{¶ 8} These causes are now before the court on appeals as of right.

{¶ 9} Stripped to basics, the auditors' position is that when they file an appeal to the BTA from a final determination of the Tax Commissioner regarding an intercounty personal property tax return, they are not confined to the issues addressed by the Tax Commissioner in his final determination.

{¶ 10} When a taxpayer decides to challenge an amended assessment issued by the Tax Commissioner, the taxpayer must file a petition for reassessment under R.C. 5711.31, which provides, "The petition also shall indicate the objections of the party assessed, but additional objections may be raised in writing if received prior to the date shown on the final determination by the commissioner." Thus, the issues that the taxpayer wants reviewed must be presented to the Tax Commissioner in writing before the Tax Commissioner issues his final determination. When the Tax Commissioner issues his final determination, the only issues

before him for determination are those that have been presented in writing by the taxpayer.

{¶ 11} R.C. 5711.31 further provides:

{¶ 12} "The decision of the commissioner upon such petition for reassessment shall be final with respect to the assessment of *all taxable property listed in the return* of the taxpayer and shall constitute to that extent the final determination of the commissioner with respect to such assessment." (Emphasis added.)

{¶ 13} The terms "list" and "return" as used in R.C. 5711.31 are defined in R.C. 5711.01. The term "list" is defined in R.C. 5711.01(D) as "the designation, in a return, of the description of taxable property, the valuation or amount thereof, the name of the owner, and the taxing district where assessable." The word "return" is defined in R.C. 5711.01(C) as "the taxpayer's annual report of taxable property." Thus, in the return the taxpayer lists all of its taxable personal property.

{¶ 14} However, there is certain property of a taxpayer that need not be listed in the return. R.C. 5701.03 provides, " 'Personal property' does not include * * *, for purposes of any tax levied on personal property, patterns, jigs, dies, or drawings that are held for use and not for sale in the ordinary course of business * * *." Because patterns, jigs, dies, and drawings are not taxable personal property, R.C. 5701.03(A), they are not required to be listed in the taxpayer's personal property tax return. Therefore, since the Tax Commissioner's decision on a petition for reassessment is limited to the listed taxable personal property, it does not cover exempt patterns, jigs, dies, and drawings, unless that property was the subject of the assessment.

{¶ 15} Even though certain patterns, jigs, dies, and drawings are not listed as taxable personal property, the Tax Commissioner is not powerless to assess property that a taxpayer claims is excluded. R.C. 5711.31 provides, "Neither this section nor a final judgment of the board of tax appeals or any court to which such final determination may be appealed shall preclude the subsequent assessment in the manner authorized by law of any taxable property which such taxpayer failed to list in such return, or which the assessor has not theretofore assessed." Such unlisted property would be assessed under that part of R.C. 5711.31 that provides, "Whenever the assessor assesses any property not listed in or omitted from a return, * * * the assessor shall give notice of such assessment to the taxpayer by mail." There is no indication in the final determination issued by the Tax Commissioner that he challenged Honda's treatment of any property that was omitted from Honda's return.

{¶ 16} R.C. 5717.02 provides auditors with the right to appeal from certain final determinations of the Tax Commissioner:

{¶ 17} "[A]ppeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals * * * by the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue. * * *

{¶ 18} "Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if the tax commissioner's action is the subject of the appeal * * *. The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner * * * to the taxpayer * * * of the final determination or redetermination complained of, and shall also specify the errors therein complained of * * *."

{¶ 19} In order to invoke the jurisdiction of the BTA, the auditors must comply with the requirements of R.C. 5717.02. This court has held that "[w]here a statute confers the right to appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the rights conferred." *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, paragraph one of the syllabus. One of the requirements for a notice of appeal filed under R.C. 5717.02 is that it specify the error complained of in the Tax Commissioner's final determination. In referring to the language in what is now R.C. 5717.02 that requires the errors complained of to be specified, the court stated in *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 120 N.E.2d 310, "Under the wording of the statute the board [BTA] was entitled to be advised specifically of the various errors charged to the Tax Commissioner." The only errors that can be specifically charged to the Tax Commissioner are those set forth in his final determination.

{¶ 20} Thus, the auditors' right to appeal is not open-ended, it requires compliance with the specific and mandatory provisions of R.C. 5717.02. Failure to comply with R.C. 5717.02 divests the BTA of jurisdiction. *Buckeye Internatl., Inc. v. Limbach* (1992), 64 Ohio St.3d 264, 267, 595 N.E.2d 347. R.C. 5717.02 gives the BTA jurisdiction only over "appeals from final determinations by the tax commissioner." Thus, while the auditors have a right to appeal under R.C. 5717.02, that right is limited to challenging the final determination of the Tax Commissioner. The county auditors do not have an unlimited right to challenge an intercounty personal property tax return by raising issues in an appeal to the BTA that were not addressed in the Tax Commissioner's final determination.

{¶ 21} The only issues that can be determined by the Tax Commissioner on a petition for reassessment are those that are presented to him in writing by the taxpayer. In turn, the only issues that can be appealed to the BTA from a final

determination by the Tax Commissioner are those that were considered by him, as set forth in his final determination.

{¶ 22} If the auditors were permitted to go outside the Tax Commissioner's final determination and raise issues on appeal that were not considered by the Tax Commissioner in his final determination, the BTA would no longer be reviewing a determination of the Tax Commissioner. If the auditors could raise issues before the BTA that were not presented to the Tax Commissioner for determination, the auditors would have greater rights on appeal than the General Assembly has given the taxpayer. R.C. 5717.02 does not contain any language that indicates that there is to be any difference between the issues that can be appealed by an auditor and those that can be appealed by the taxpayer. Both the taxpayer and the auditors are limited under R.C. 5717.02 to the errors that they can specify in the Tax Commissioner's final determination.

{¶ 23} Clearly, the General Assembly has shut the county auditors out of the Tax Commissioner's review of petitions for reassessment involving intercounty returns. If the county auditors desire authority to challenge intercounty personal property tax returns on issues not determined by the Tax Commissioner, they will have to seek that authority from the General Assembly.

{¶ 24} The cases cited by the auditors involving R.C. 5717.02 and county auditors have not dealt with the question raised by this case. In two of the cases cited by the county auditors, the question was whether a decision made by the Tax Commissioner was appealable as a final determination. In *Campanella v. Lindley* (1981), 67 Ohio St.2d 290, 21 O.O.3d 182, 423 N.E.2d 472, the question was whether an apportionment of utility property by the Tax Commissioner was a final determination. Likewise, in *Hatchadorian v. Lindley* (1983), 3 Ohio St.3d 19, 3 OBR 491, 445 N.E.2d 659, the question was whether the Tax Commissioner's certification of value for public utility property was a final determination. In both of these cases, the court held that the action of the Tax Commissioner was a final determination and therefore appealable by the county auditor. Neither of these cases has any relevance to this case.

{¶ 25} In another case cited by the auditors, *Ashland Cty. Bd. of Commrs. v. Ohio Dept. of Taxation* (1992), 63 Ohio St.3d 648, 590 N.E.2d 730, the issue was whether the Court of Claims had jurisdiction over a claim brought by the county commissioners and auditors of three counties along with a few school boards concerning valuation by the Tax Commissioner of property of a public utility. In its opinion the court stated, "[C]ounty auditors may only challenge actions of the commissioner or the department in the BTA pursuant to R.C. 5717.02. That section provides that county auditors may appeal assessments or valuations where the revenues affected by the department's decisions would accrue primarily to the undivided general tax funds. Thus, county auditors were provided with

a comprehensive right to appeal to the BTA any valuation or assessment made by the department." Id. at 655, 590 N.E.2d 730.

{¶ 26} The auditors rely on this language as giving them an unlimited right of appeal. The language cited by the auditors was dicta. The issue in *Ashland* was whether the Court of Claims had subject-matter jurisdiction over the claims brought by the appellants, not the jurisdiction of the BTA. We reject any notion contained in the quoted language that R.C. 5717.02 grants auditors an unlimited right of appeal. As we have stated above, an auditor's right to appeal a final determination of the Tax Commissioner to the BTA is subject to the requirements of R.C. 5717.02.

{¶ 27} For all of the foregoing reasons we find that the decision of the BTA in dismissing the appeals filed by the auditors was reasonable and lawful, and it is hereby affirmed.

Decision affirmed.

MOYER, C.J., F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

---

**PFEIFER, J., dissenting.**

{¶ 28} The errors that the auditors argue occurred in these cases are that personal property that should have been subject to tax was not listed on the taxpayer's intercounty personal property tax returns. According to the majority, such errors of omission are not appealable by the auditors because "[t]he only errors that can be specifically charged to the Tax Commissioner are those set forth in his final determination." As support for that proposition, the majority quotes *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 120 N.E.2d 310, where this court stated, "Under the wording of the statute the board [BTA] was entitled to be advised specifically of the various errors charged to the Tax Commissioner." I believe it is possible for an auditor to advise the BTA that taxable personal property was not included in a tax return even if the Tax Commissioner did not discuss the issue in his final determination.

{¶ 29} R.C. 5717.02 specifically allows "auditors of the counties to the undivided general tax funds of which the revenues affected by [decisions of the Tax Commissioner] would primarily accrue" to appeal "any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders." The majority's decision unnecessarily, unstatutorily, restricts the auditor's right to appeal. I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

James Stevenson, Shelby County Prosecuting Attorney; Taft, Stettinius & Hollister, L.L.P., Fred J. Livingstone and Timothy J. Duff, for appellant Shelby County Auditor.

Gerald L. Heaton, Logan County Prosecuting Attorney; Taft, Stettinius & Hollister, L.L.P., Fred J. Livingstone and Timothy J. Duff, for appellant Logan County Auditor.

Alison Boggs, Union County Prosecuting Attorney; Taft, Stettinius & Hollister, L.L.P., Fred J. Livingstone and Timothy J. Duff, for appellant Union County Auditor.

Jim Petro, Attorney General, and James C. Sauer, Assistant Attorney General, for appellee Tax Commissioner of Ohio.

Vorys, Sater, Seymour & Pease, L.L.P., and Kevin M. Czerwonka, for appellee Honda of America Manufacturing, Inc.