Matthias, J.
 

 This is an election contest proceeding and comes into this court from the court of common pleas of Summit county by virtue of the provisions of Section 4785-172, General Code. The election was held in all respects regular and valid. It was a special election for the purpose of determining whether certain territory, a portion of the village of Northfield, Summit county, should be detached therefrom. The primary question presented, and as we view the case the only question necessary to be considered, is whether the ballot whereon the issue of detachment was submitted to the voters was in the form required by law.
 

 It is the contention of the contestors that the provisions of Section 4785-103, General Code, apply to such election, that the provisions thereof with reference to the form of the ballot are mandatory and controlling, and that the ballots in question not conforming to the requirements of such statute were invalid and the election therefore null and void. The provisions referred to are a part of the act of the General Assembly of the state of Ohio passed April 5,
 
 *532
 
 1929 (113 Ohio Laws, 307), to revise and codify the election laws. Section 4785-103 thereof (113 Ohio Laws, 354) prescribes in general terms the order in which questions and issues submitted shall be arranged on the ballot, and directs the manner in which the wording or ballot title of each question or issue shall be printed and placed on the ballot, with two squares to the left thereof, the upper of which shall contain the word “Yes” and the lower the word “No,” and further provides that persons desiring to vote in favor of any such question or issue shall do so by making a cross in the blank square to the left of the word “Yes” and those desiring to vote against such question or issue shall do so by making a cross-mark in the blank square to the left of the word “No.” It is further provided in said section as follows : ‘ ‘ This general form of submitting questions and issues on the ballot shall take the place of and shall supersede all other forms for questions and issues now provided by law.”
 

 Notwithstanding this last provision in Section 4785-103, General Code, it is to be observed that the election for the determination of the question of detachment of territory from a village is of an unusual and peculiar character. The entire procedure thereof is provided by Section 3577-1, General Code (106 Ohio Laws, 301). Upon the filing of a petition as therein prescribed with the board of deputy state supervisors and inspectors of elections, said board, upon finding that it conforms to the requirements of the law, shall order an election to be held at a convenient place within the territory to be detached, on a date named, which shall be not less than ten days
 
 *533
 
 nor more than twenty days thereafter. Under the terms of this statute, those who are qualified to vote upon the question presented are only the electors residing within such portion of said village. It is specifically provided that the election shall be conducted as other elections, that the judges and clerks thereof shall be designated by the board of deputy state supervisors and inspectors of elections, and that the ballots shall contain the words: “For detachment” and “Against detachment.” It thus appears that the election is neither a state, county, city, school, or village election, and that the issue submitted does not fall within the list of issues set forth in Section 4785-103, General Code.
 

 Section 3577-1, General Code, is a special statute enacted for a particular purpose and provides for a specific and definite proceeding and prescribes in detail the method and form of procedure. It is well settled that such specific statutory provisions are to be regarded as exceptions to general statutory provisions, and that the rule that repeals by implication are not favored has additional force under such circumstances.
 
 State, ex rel. Elliott Co.,
 
 v.
 
 Connor, Supt. of Dept. of Pub. Works, ante,
 
 310, 175 N. E., 200. The rule applicable here is stated by the Supreme Court of the United States in
 
 Rodgers
 
 v.
 
 United States,
 
 185 U. S., 83, 22 S. Ct., 582, 583, 46 L. Ed., 816, as follows: “Where there are two statutes, the earlier special and the later general, (the terms of the general being broad enough to include the matter provided for in the special), the fact that one is special and the other is general creates a presumption that the special is to be considered as re
 
 *534
 
 maining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special.”
 

 Section 3577-1, General Code, is the only statute providing for the determination of the question of the detachment of territory by submission to a vote of those affected thereby, as is sought in this proceeding. Concededly it was followed in this instance, and the action taken was in strict conformity therewith. The ballot used was prepared as therein directed. A complete statement of the issue presented preceded the words “For detachment” and “Against detachment,” so arranged that the voter could definitely indicate his choice by placing the cross in the proper square. Good reasons clearly appear for the use of such form of ballot in the submission of the issue presented rather than a form which would also use the words “Yes” and “No.”
 

 We are of the opinion that Section 3577-1, General Code, providing for a special election upon the question of the detachment of territory from a village, and prescribing the form of ballot therefor, is controlling and exclusive. Section 4785-103, General Code, has no application to such election, and its enactment did not repeal Section 3577-1 by implication. The court of common pleas was therefore right in its conclusion that such election was valid, and the judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.