Bettman, J.
 

 The single question presented here is whether, when there has been a consolidation under the Ohio General Corporation Act of constituent corporations, which have during a given year registered their motor vehicles and paid the motor vehicle license fees thereon, the consolidated corporation must again register the motor vehicles and pay new license fees.
 

 The applicable statute, Section 6294-1, General Code (116 Ohio Laws, 291), is in part as follows:
 

 “Upon the transfer of ownership of a motor vehicle the registration of such motor vehicle shall expire, and it shall be the duty of the original owner to immediately remove such number plates from such motor vehicle * *
 

 The effect of the consolidation of The Southern Ohio Electric Company and The Adams County Power & Light Company into a new corporation, Columbus & Southern Ohio Electric Company, appellant here, clearly has the effect of making the motor vehicles which had theretofore been owned by the constituent.
 
 *203
 
 companies now owned by the consolidated company. Indisputably, there has been a “transfer of ownership.” Clearly, then, the single contingency provided by the governing statute upon which the existing registration expired, to wit, “the transfer of ownership” has occurred. It would follow that the consolidated company, if it desired to operate the motor vehicles theretofore owned by the constituent companies, would under the provisions of Section 6294, General Code (116 Ohio Laws, 295), have to make application for new registration and secure new number plates paying license fees accordingly. This was the holding of the Court of Appeals in the instant case. It has been the consistent administrative practice under the Ohio motor vehicle registration and license laws. Vol. 2, Opinions of Attorney General (1928), 1135, No. 2066; Vol. 1, Opinions of Attorney General (1929), 557, No. 354; Vol. 1, Opinions of Attorney General (1934), 363, No. 2425; Vol. 1, Opinions of Attorney General (1935), 522, No. 4220.
 

 Appellant in this court does not deny that there has been a “transfer of ownership,” and with candor admits that “automobile registration, under Section 6294-1, is a personal privilege, which is not transferable.” Appellant however urges that by force of the provisions of Section 8623-68, General Code, the consolidated corporation takes over the license provileges of the constituent corporations and need not make application for new registration or secure new motor vehicle number plates. Appellant in support of this contention, points to the following portion of Section 8623-68 (113 Ohio Laws, 445):
 

 “Such consolidated corporation shall be subject to .all the liabilities and duties of each of such corporations so consolidated; and all property, real, personal .and mixed, and all debts and liabilities due to any of said constituent corporations on whatever account,
 
 *204
 
 as well for subscriptions for shares as all other things in action of or belonging to each of such corporations, shall be vested in the consolidated corporation and all property, rights, privileges, powers, franchises and immunities and all and every other interest shall thereafter be as fully and effectually the property of the consolidated corporations as they were the property of the several and respective constituent corporations * * *.”
 

 The above-quoted provisions are part of the General Corporation Act of Ohio. True, they do provide generally for the succession by the consolidated company to the “privileges” theretofore enjoyed by the constituent companies. But it would, we hold, be a forced construction to interpret these general provisions as controlling the sharp and explicit clauses of Section 6294-1, providing that where there is a “transfer of ownership” the “registration * * * shall expire” and further providing that “it shall be the duty of the original owner to immediately remove such number plates from such motor vehicle.” Before these explicit statutory provisions of Section 6294-1, the general statutory provisions of Section 8623-68 must give way. 37 Ohio Jurisprudence, 413, Section 152;
 
 Leach
 
 v. Collins, 123 Ohio St., 530, 533, 176 N. E., 77.
 

 Appellant futher complains of the inequity of the consolidated company being required again to pay the-license fees. This however is purely a matter of policy for legislative determination. It should be observed that by the provisions of Section 6294-1, the Legislature has provided that where the original owner desires to exercise his driving privilege with respect to a different motor vehicle than the one originally registered by him, he has merely a small transfer 'fee to pay. And it is further provided by Section 6294-2, General Code (116 Ohio Laws, 297), that where ap
 
 *205
 
 plications for registration are made subsequent to the beginning of the motor vehicle license tax year, a ratable reduction in the fee is allowed. True, the statutes provide for transfers of the privilege where owners get other motor vehicles (Section 6294-1, General Code) but do not provide for corresponding-transfers where motor vehicles get other owners. But-in a field so carefully covered by the Legislature, and assuredly in a field where factors of police regulations and public revenues are involved, it would be a usurpation for this court to attempt relief for appellant from expenses flowing under existing laws by reason of the “transfer of ownership” of motor vehicles incidental to corporate consolidations.
 

 Accordingly, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Hart and Zimmerman, J'J., concur.
 

 Turner and Matthias, JJ., dissent.