Hast, J.
 

 The questions presented by the record for review in this court are substantially as follows: Where a corporation, pursuant to Section 5379, General Code, elected to file a consolidated tax return for itself and certain subsidiaries located within the state of Ohio, but did not include therein its subsidiaries located outside the state of Ohio, and therefore did not eliminate the inter-company accounts between it and such foreign subsidiaries, did the Tax Commissioner act unreasonably or unlawfully in reopening and modifying the returns as filed by the appellant, and at the same time ruling that such omitted foreign subsidiaries could not be included in a revised or substituted consolidated return!
 

 In the absence of the exercise of an option to make returns under Section 5379, General Code, a corporate
 
 *377
 
 taxpayer is required to file a return in'the same manner as an individual and must list its taxable credits. See Section 5370, General Code.
 

 Section 5379, General Code, provides for an optional method of making a corporate return where one corporation is the owner of the controlling interest in one or more subsidiary corporations. This section, in part, provides:
 

 “A corporation which owns or controls at least 51 per centum of the common stock of another corporation or corporations may, under uniform regulations to be prescribed by the commission, make a consolidated return or returns for the purpose of this chapter. In such case all the, taxable property mentioned in Section 5328 of the General Code, belonging to the corporation making the return and to each of its subsidiaries shall be listed and assessed in the name of the separate owners thereof, respectively; but the parent corporation making such return, shall not be required to list any of its investments in the stocks; securities and other obligations of its subsidiaries, and in computing the amount- of taxable credits, the inter-company accounts shall be eliminated.”
 

 Where a taxpayer makes a certain form of tax return permitted under the law, the Tax Commissioner has not only the right but the duty to amend or correct the return so as to reflect therein all the taxable credits with which the taxpayer may be charged as required by the form or character of the return made. And if the form of return chosen by the taxpayer requires him, under the law, to include certain items which he has omitted, it follows as a matter of course that the return may be corrected by the taxing authorities.
 

 The question remains as to. whether, where the taxpayer has attempted to make a consolidated return but did not include therein all of - its subsidiaries in which it owns or controls 51 per cent or more of the
 
 *378
 
 common stock, it may amend the return so as to include all of such subsidiaries. The Tax Commissioner and the Board of Tax Appeals held that, since the return of the appellant as made included some but not all of its qualified subsidiaries, it was not entitled to amend the return so as to include all of such subsidiaries, and was not entitled to take advantage of the statute which does not require it to list any of its investments in the stocks, securities and other obligations of such subsidiaries and which permits it to eliminate inter-company accounts in computing the amount of its taxable credits.
 

 It is to be observed that while the statute gives the parent company the option to make its own independent return or a consolidated return, if it makes the latter it must include ‘ ‘ all the taxable property mentioned in Section 5328 of the General Code, belonging to the corporation making the return and to
 
 each of its subsidiaries
 
 ,* * (Italics ours.)
 

 Since the return of the appellant did not include “each of its subsidiaries” qualified under the statute, the return was defective and did not comply with the statute. Under such circumstances the Tax Commissioner had no power or authority to crystallize the defective return made by the appellant and to assess it accordingly. On the other hand, the appellant had the right to correct what it claims was a mistake on its part in making the return, and to file an amended return which would comply with the' statute. In denying this request the Tax Commissioner was not within his rights and the Board of Tax Appeals, in making its order affirming the Tax Commissioner’s finding, acted unlawfully.
 

 The decisions of the Board of Tax Appeals in denying appellant the right to correct its returns are therefore reversed, and the causes, in such respect, are re-
 
 *379
 
 • manded to the Board of Tax Appeals for further proceedings in accordance with this opinion.
 

 Judgments accordingly.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Williams, JJ., concur.