First Banc Group of Ohio, Inc., Appellee, *v.*
Lindley, Tax Commr., Appellant.

(No. 81-11—Decided December 2, 1981.)

*Messrs. Baker & Hostetler* and *Mr. Kiehner Johnson,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* Appellant contends that amendments to personal property tax returns are limited to correcting "items, numbers and computations [as] made on the [original] return." This court has not held such a restrictive view of the function of an amended return. See *Procter & Gamble Co.* v. *Evatt* (1943), 142 Ohio St. 373. Accord *Seiberling Rubber Co.* v. *Evatt* (1944), 43 Ohio Law Abs. 500; *Welsh* v. *Kosydar* (1973), 37 Ohio App. 2d 115.

Appellant also argues that appellee has failed to comply with the requirements of R. C. 5711.14[1] and the regulation promulgated thereunder.[2]

---

[1] In pertinent part, R. C. 5711.14 provides that: "A corporation which owns or controls at least fifty-one percent of the common stock of another corporation may,

In resolving this issue, the Board of Tax Appeals determined that a corporate taxpayer desiring to initially file a consolidated personal property tax return must comply with the appellant's regulation. However, "if * * * the Tax Commissioner does not accept, as filed, the return of the corporate taxpayer and levies an additional assessment based upon a modification of such return, the corporate taxpayer is also entitled to amend such return * * * , including a modification of the type of return that such a taxpayer could have been authorized to file pertaining to the tax year to which the Tax Commissioner's additional assessment relates. To hold otherwise would allow form to control over substance." We agree.

Upon the facts of the instant case, the decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

under uniform regulations prescribed by the tax commissioner, make a consolidated return for the purpose of sections 5711.01 to 5711.36, inclusive, of the Revised Code. In such case all the taxable property mentioned in section 5709.01 of the Revised Code, belonging to the corporation making the return and to each of its subsidiaries shall be listed and assessed in the name of the separate owners thereof; but the parent corporation making such return shall not be required to list any of its investments in the stocks, securities, and other obligations of its subsidiaries, and in computing the amount of taxable credits intercompany accounts shall be eliminated. * * *"

[2] The regulation is found in Ohio Adm. Code 5703-3-05, the relevant portion of which states: "Commencing with the 1960 Personal Property Tax return, any corporation desiring to file a consolidated tax return must file notice thereof with the Tax Commissioner in writing on or before April 30, or within the filing time as extended, of the year in which such return is filed. Thereafter, every such corporation must continue to file consolidated returns until the parent corporation notifies the Commissioner in writing on or before April 20 of the year in which such return is filed that it does not intend to file a consolidated return for such year. Any corporation which elects to file a consolidated return and subsequently discontinues the use of such return must comply with the provisions of the first sentence of this paragraph before it may again file a consolidated return."