OLAN MILLS INCORPORATED OF TENNESSEE ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Olan Mills Inc. of Tenn. *v.* Limbach (1990), 56 Ohio St. 3d 70.]

(No. 90-170—Submitted October 3, 1990—Decided December 12, 1990.)

*Benesch, Friedlander, Coplan & Aronoff, James F. DeLeone* and *John J. Duffey,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* R.C. 5733.052(B) provides:

"A combination of net income may also be made at the election of any two or more taxpayers each having income, other than dividend or distribution income, from sources within Ohio, *provided* the ownership or control requirements contained in the preceding division are satisfied and *such combination is elected in a timely report which sets forth such information as the commissioner requires.* This election, once made by two or more taxpayers, may not be changed by such taxpayers with respect to amended reports or reports for future years without the written consent of the commissioner. * * *" (Emphasis added.)

Appellants argue that R.C. 5733.12(B), which provides for franchise tax refunds, grants them an unqualified right to file for a refund of "overpaid" taxes whether or not the reports were "timely." The commissioner responds that appellants did not indicate their election in a "timely report" and that, therefore, they may not obtain franchise tax refunds by

reason of this proposed combination. We agree with the commissioner and affirm the BTA.

In *Hanna Mining Co.* v. *Limbach* (1985), 20 Ohio St. 3d 3, 20 OBR 76, 484 N.E. 2d 691, we held that a refund application needed to be filed within three years of when the annual corporation report is timely filed or should have been filed. In arriving at this holding, we reviewed the underlying framework of the franchise tax collection procedure.

Under R.C. 5733.02, a corporation's report is due between the first day of January and the thirty-first day of March or on the date as extended under R.C. 5733.13. Under R.C. 5733.13, a corporation may apply to the commissioner to extend the time within which to file its report until the thirty-first day of May or to the fifteenth day of the month following the due date, including extensions thereof, for filing its federal corporate return. Extrapolating from *Hanna Mining Co.,* a report is timely if it is filed within the time prescribed by R.C. 5733.02 and 5733.13.

Does R.C. 5733.12 negate this "timely report" requirement of R.C. 5733.052 so that taxpayers may elect a combined filing if they file an amended report within three years of the filing of the original report (the time within which to file a refund application)? The answer is that R.C. 5733.052 is a special statute that controls the general refund provisions of R.C. 5733.12. This latter statute states:

"(B)(1) An application to refund to the corporation the amount of taxes overpaid, paid illegally or erroneously, or paid on any illegal, erroneous, or excessive assessment, with interest thereon as provided by section 5733.26 of the Revised Code, shall be filed with the tax commissioner, on a form prescribed by him, as follows:

"(a) Within three years from the date of the illegal, erroneous, or excessive payment of the tax[.]"

R.C. 1.51, which codifies case law, states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In *Leach* v. *Collins* (1931), 123 Ohio St. 530, 533, 176 N.E. 77, 78, a case addressing whether a special statute or a general statute prevails, we stated:

"Section 35777-1, General Code, is a special statute enacted for a particular purpose and provides for a specific and definite proceeding and prescribes in detail a method and form of procedure. It is well settled that such specific statutory provisions are to be regarded as exceptions to the general statutory provisions, and that the rule that repeals by implication are not favored has additional force under such circumstances."

R.C. 5733.052 was amended in Am. H.B. No. 638 (139 Ohio Laws, Part II, 3378, effective July 2, 1981) to add as conditions for combining net incomes that each taxpayer has income, other than dividend income, from Ohio and that the corporations combine net income in a timely report. R.C. 5733.12, however, was amended in Am. Sub. H.B. No. 38 (139 Ohio Laws, Part I, 1463-1464, effective June 23, 1982) to include applications for refund of overpaid taxes. These provisions appear to be irreconcilable. Since the refund statute was amended after the combination statute, we must review the manifest intent of the refund statute. (R.C. 1.51.)

Appellants have not persuaded us that the General Assembly intended for the general refund statute to prevail over the specific combination procedure. The General Assembly in amending R.C. 5733.12 did not alter the requirement that election to combine be indicated in a timely report. We read R.C. 5733.052 to mean that qualifying corporations may file separately or combined. They are bound, however, by the choice made and indicated in a timely report. Appellants having timely elected to file separately may not now seek a refund as if they had originally indicated a combined filing in their reports.

Appellants also suggest that the later reference in R.C. 5733.052(B) to amended reports or reports for future years refers to the reports that they filed with their refund applications. However, as the commissioner notes, other references in R.C. 5733.11 and 5733.12 to "amended reports" mention R.C. 5733.031(C) (but not the reference to "amended report" in R.C. 5733.067, which allows a credit for investments in subsidiaries). Under R.C. 5733.031(C), a taxpayer files an "amended report," *inter alia*, after its federal income tax liability has been adjusted. Thus, the "amended report" mentioned in R.C. 5733.052(B) is the amended report provided for in R.C. 5733.031(C).

Accordingly, we affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.