OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Lincoln Electric Company, Appellee, v. Limbach, Tax Commr., Appellant.

[Cite as Lincoln Elec. Co. v. Limbach (1993),        Ohio St.3d      .]

Taxation -- Personal property -- Taxpayer may amend its return and then contest Tax Commissioner's refusal to value the property according to the amendment.

(No. 92-1238 -- Submitted March 10, 1993 -- Decided May 5, 1993.)

Appeal from the Board of Tax Appeals, No. 88-E-651.

The Tax Commissioner, appellant, challenges the Board of Tax Appeals' ("BTA's") ruling that a taxpayer may amend its personal property tax return.

On June 18, 1984, Lincoln Electric Company, appellee, filed its personal property tax return for 1984, listing $6,201,890 as taxable credits in Schedule 9 and $3,195,950 as money and other taxable intangibles in Schedule 10.  On August 13, 1984, the commissioner issued a preliminary assessment certificate accepting these return amounts as the value of the assets, and Lincoln paid personal property tax on these values.

Lincoln then surmised that it had misstated a short-term portion of its employee stock repurchases as long term in Schedule 9, and that employee stock subscriptions listed in Schedule 10 had no value under E. E. Mayer, d.b.a. Tingley, Hurd & Emens et al., a Partnership v. Lindley (Apr. 21, 1981), BTA Nos. 80-D-281 and 80-D-282, unreported.  Consequently, on or about June 14, 1985, Lincoln filed an amended return, reducing the Schedule 9 amount to $5,755,380 and the Schedule 10 amount to $11,920.

On July 25, 1986, the commissioner issued an amended preliminary assessment certificate accepting the change in the Schedule 9 amount, but rejecting the change in Schedule 10. Lincoln applied for a review and redetermination of the amended preliminary assessment certificate, objecting to the increase in total assessed value for the Schedule 10 property.  The commissioner ruled that she did not have jurisdiction to review the assessment certificate because it did not reflect an increase in the value of Lincoln's Schedule 10 property as

reported on its original return.  She dismissed the application.

On appeal, the BTA found that Lincoln could and did amend its 1984 tax return to list Schedule 10 property at a value of $11,920.  The BTA further determined that the commissioner's amended preliminary assessment certificate of value listed this category at a value of $3,195,950 and, consequently, the certificate assessed a class of taxable property not listed in the validly amended return.  Therefore, according to the BTA, Lincoln could apply for review and redetermination of the assessment.  The BTA reversed the commissioner's order and remanded the case to the commissioner.

The cause is before this court upon an appeal as of right.

Jones, Day, Reavis & Pogue and John C. Duffy, Jr., for appellee.

Lee I. Fisher, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellant.

Per Curiam.  Annually, between February 15 and April 30, unless extended, a taxpayer must return truly and correctly all taxable property and its value.  R.C. 5711.02, 5711.03, and 5711.04.  According to French v. Limbach (1991), 59 Ohio St. 3d 153, 571 N.E. 2d 717, the Tax Commissioner then issues a preliminary assessment certificate, in which the commissioner divides the returned properties and values into county and taxing district, without challenging the taxpayer's return. Based on this division, the county treasurer of the county in which the property is located determines the taxpayer's personal property tax assessment and sends the taxpayer a bill.  The commissioner is then free to audit the returns and issue amended preliminary assessment certificates or final tax assessments, from which a taxpayer may apply for review and redetermination.

Here, the commissioner argues that Lincoln may not amend its return and that the instant amended preliminary assessment certificate did not increase the taxable value of the property because it reflected the value as reported on the original return.  Lincoln responds that it may amend its return and then contest the commissioner's refusal to value the property according to the amendment.  We agree with Lincoln and, consequently, affirm the BTA's decision.

In Procter & Gamble Co. v. Evatt (1943), 142 Ohio St. 373, 27 O.O. 287, 52 N.E. 2d 519, the taxpayer incorrectly omitted some subsidiaries from a consolidated tax return, which was authorized under the then General Code.  The commissioner, independent of the returns, increased the assessment and refused to accept substituted returns which corrected the faulty listing of the subsidiary companies.  We held that the commissioner could not "* * * crystallize the defective return made by the appellant and to assess it accordingly.  On the other hand, the appellant had the right to correct what it claims was a mistake on its part in making the return, and to file an amended return which would comply with the statute. * * *"  Id. at 378, 27 O.O. at 289, 52 N.E. 2d at 521.

In First Banc Group of Ohio, Inc. v. Lindley (1981), 68 Ohio St.2d 81, 22 O.O. 3d 297, 428 N.E. 2d 427, the taxpayer did not list demand notes due from its wholly owned affiliate

on its personal property tax returns because, according to the taxpayer, they were reimbursements to the taxpayer for the cost of the money it had loaned the affiliate. Consequently, so it argued, the transactions had no independent, economic substance.

The commissioner, however, issued preliminary assessments based on the income yield of the omitted notes. The taxpayer then filed an application to amend the returns to change the type of return from independent returns to consolidated ones. The consolidated returns eliminated the indebtedness and, thus, the basis for the assessments. The commissioner refused this amendment, but the BTA reversed the orders.

The commissioner, on appeal to this court, contended that amendments could be made to personal property tax returns but only to correct "* * * items, numbers and computations [as] made on the [original] return." (Bracketed material sic.) We, however, rejected this "* * * restrictive view of the function of an amended return." We affirmed the BTA's decision that allowed the amended returns.

Under this authority, Lincoln could file amended returns and then, under R.C. 5711.31, seek review of the commissioner's refusal to accept the amendments. Moreover, the commissioner's treatment of the Schedule 9 values in this case, where she accepted Lincoln's correction of the value, undermines her argument that she does not have authority to accept amendments.

The commissioner, nevertheless, cites Wright Aeronautical Corp. v. Glander (1949), 151 Ohio St. 29, 38 O.O. 510, 84 N.E. 2d 483; Michelin Tire Corp. v. Kosydar (1974), 38 Ohio St 2d 254, 67 O.O. 2d 326, 313 N.E. 2d 394; and Olan Mills, Inc. of Tenn. v. Limbach (1990), 56 Ohio St. 3d 70, 564 N.E. 2d 435, for support. None of these cases applies here.

In Wright, the taxpayer did not file an amended personal property tax return; it sought review of the error when it appealed to the BTA. We held that the taxpayer had not properly applied for correction of the mistake, either by applying for a review and reassessment or filing a claim for deduction from book value. We also decided that the claim had no merit, which we characterized as the "* * * decisive factor in the solution of this problem." 151 Ohio St. at 41, 38 O.O. at 516, 84 N.E.2d at 489. Thus, we did not deny the taxpayer's ability to amend its return. Moreover, Procter & Gamble and First Banc Group, which bracket Wright, do allow amended returns.

In Michelin, we decided only that a taxpayer could not then appeal to the BTA from an amended preliminary assessment certificate that had become final by operation of former R.C. 5711.25. Michelin did not address amending tax returns.

In Olan Mills, a franchise tax case, the taxpayer attempted to amend its returns by filing a consolidated return contrary to former R.C. 5733.052(B). We held that this statute required the taxpayer's election to file a consolidated return to be made in a timely report and that R.C. 5733.12(B), which provides for franchise tax refunds, did not negate the "timely report" requirement. Thus, Olan Mills, which interprets franchise tax provisions, does not apply to the instant case.

Accordingly, we affirm the BTA's decision.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E.
Sweeney and Pfeifer, JJ., concur.