LINCOLN ELECTRIC COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Lincoln Elec. Co. v. Limbach* (1993), 66 Ohio St.3d 176.]

(No. 92–1238—Submitted March 10, 1993—Decided May 5, 1993.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellee.

*Lee I. Fisher,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellant.

---

*Per Curiam.* Annually, between February 15 and April 30, unless extended, a taxpayer must return truly and correctly all taxable property and its

value. R.C. 5711.02, 5711.03, and 5711.04. According to *French v. Limbach* (1991), 59 Ohio St.3d 153, 571 N.E.2d 717, the Tax Commissioner then issues a preliminary assessment certificate, in which the commissioner divides the returned properties and values into county and taxing district, without challenging the taxpayer's return. Based on this division, the county treasurer of the county in which the property is located determines the taxpayer's personal property tax assessment and sends the taxpayer a bill. The commissioner is then free to audit the returns and issue amended preliminary assessment certificates or final tax assessments, from which a taxpayer may apply for review and redetermination.

Here, the commissioner argues that Lincoln may not amend its return and that the instant amended preliminary assessment certificate did not increase the taxable value of the property because it reflected the value as reported on the original return. Lincoln responds that it may amend its return and then contest the commissioner's refusal to value the property according to the amendment. We agree with Lincoln and, consequently, affirm the BTA's decision.

In *Procter & Gamble Co. v. Evatt* (1943), 142 Ohio St. 373, 27 O.O. 287, 52 N.E.2d 519, the taxpayer incorrectly omitted some subsidiaries from a consolidated tax return, which was authorized under the then General Code. The commissioner, independent of the returns, increased the assessment and refused to accept substituted returns which corrected the faulty listing of the subsidiary companies. We held that the commissioner was not allowed "to crystallize the defective return made by the appellant and to assess it accordingly. On the other hand, the appellant had the right to correct what it claims was a mistake on its part in making the return, and to file an amended return which would comply with the statute. * * *" *Id.* at 378, 27 O.O. at 289, 52 N.E.2d at 521.

In *First Banc Group of Ohio, Inc. v. Lindley* (1981), 68 Ohio St.2d 81, 22 O.O.3d 297, 428 N.E.2d 427, the taxpayer did not list demand notes due from its wholly owned affiliate on its personal property tax returns because, according to the taxpayer, they were reimbursements to the taxpayer for the cost of the money it had loaned the affiliate. Consequently, so it argued, the transactions had no independent, economic substance.

The commissioner, however, issued preliminary assessments based on the income yield of the omitted notes. The taxpayer then filed an application to amend the returns to change the type of return from independent returns to consolidated ones. The consolidated returns eliminated the indebtedness and, thus, the basis for the assessments. The commissioner refused this amendment, but the BTA reversed the orders.

The commissioner, on appeal to this court, contended that amendments could be made to personal property tax returns but only to correct " * * * items, numbers and computations [as] made on the [original] return." (Bracketed material *sic*.) We, however, rejected this " * * * restrictive view of the function of an amended return." We affirmed the BTA's decision that allowed the amended returns.

Under this authority, Lincoln could file amended returns and then, under R.C. 5711.31, seek review of the commissioner's refusal to accept the amendments. Moreover, the commissioner's treatment of the Schedule 9 values in this case, where she accepted Lincoln's correction of the value, undermines her argument that she does not have authority to accept amendments.

The commissioner, nevertheless, cites *Wright Aeronautical Corp. v. Glander* (1949), 151 Ohio St. 29, 38 O.O. 510, 84 N.E.2d 483; *Michelin Tire Corp. v. Kosydar* (1974), 38 Ohio St 2d 254, 67 O.O.2d 326, 313 N.E.2d 394; and *Olan Mills, Inc. of Tenn. v. Limbach* (1990), 56 Ohio St.3d 70, 564 N.E.2d 435, for support. None of these cases applies here.

In *Wright*, the taxpayer did not file an amended personal property tax return; it sought review of the error when it appealed to the BTA. We held that the taxpayer had not properly applied for correction of the mistake, either by applying for a review and reassessment or filing a claim for deduction from book value. We also decided that the claim had no merit, which we characterized as the " * * * decisive factor in the solution of this problem." 151 Ohio St. at 41, 38 O.O. at 516, 84 N.E.2d at 489. Thus, we did not deny the taxpayer's ability to amend its return. Moreover, *Procter & Gamble* and *First Banc Group*, which bracket *Wright*, do allow amended returns.

In *Michelin*, we decided only that a taxpayer could not then appeal to the BTA from an amended preliminary assessment certificate that had become final by operation of former R.C. 5711.25. *Michelin* did not address amending tax returns.

In *Olan Mills*, a franchise tax case, the taxpayer attempted to amend its returns by filing a consolidated return contrary to former R.C. 5733.052(B). We held that this statute required the taxpayer's election to file a consolidated return to be made in a timely report and that R.C. 5733.12(B), which provides for franchise tax refunds, did not negate the "timely report" requirement. Thus, *Olan Mills*, which interprets franchise tax provisions, does not apply to the instant case.

Accordingly, we affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.