DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Fulton County Court of Common Pleas, Probate Division, which granted appellee, the estate of Merlin Jean Henricks ("the estate"), a refund from appellant, the Tax Commissioner of Ohio, Thomas A. Zaino ("Tax Commissioner"). For the reasons that follow we reverse the decision of the trial court.
This matter arose as a result of the filing of an Ohio Estate Tax Return ("return") by the estate with the probate court. Henricks died December 10, 1998. The return was timely filed on September 9, 1999; however, no election was made, pursuant to R.C. 5731.011, to have the estate property valued as "qualified farm property." No extension of time for filing the return was requested.
On November 15, 1999, the Tax Commissioner issued an adjustment proposing that the estate's value be increased to reflect the inclusion of a life insurance annuity that was omitted from the original return. On December 1, 1999, the estate filed an amended tax return. The amended return included the amount of the omitted life insurance and sought to make a qualified farm property valuation election. With the farm property valuation in its amended return, the estate requested a refund in the amount of $16,371.92. Counsel for the estate explained in a letter attached to the amended filing that his probate assistant, who prepared the original return, had mistakenly believed that, because of the death of one of the heirs, the property would not qualify for alternate valuation as farm property. Insofar as the return had not yet been finalized, the estate sought to amend its timely filed return to correct this factual oversight. The election was not allowed by the Tax Commissioner because it had not been made within nine months of the decedent's death, as required by R.C. 5731.011(B)(2) and R.C.5731.21(A)(1)(a).
The estate appealed to the probate court on February 14, 2000. Both parties filed their briefs. The estate asserted that it was entitled to correct its mistake pursuant to R.C. 5731.28, which allows for an executor to file a claim for refund of tax "if the determination of taxes so made is erroneous due to a mistake of fact or law." Whereas, the Tax Commissioner argued that a qualified farm property valuation election is only effective if it is made in a timely filed return. Because the amended return that included the election was made after the expiration of the time allowed for such elections, the Tax Commissioner argued that such an election was unavailable to the estate. The Tax Commissioner also argued that the specific timing provision of R.C. 5731.011(B)(2) prevailed over the general provision regarding refunds contained in R.C.5731.28. Finally, the Tax Commissioner argued that the estate's mistake was neither one of "fact" or "law" as required by R.C. 5731.28.
On January 29, 2001, the probate court held that the estate should be permitted to make a qualified farm property valuation election and, thus, should be granted a refund. The probate court reasoned as follows:
 "O.R.C. 5731.011(B)(2) was first enacted on October 9, 1981 and Amended on July 1, 1983 and July 24, 1986, clearly after the effective date of O.R.C. 5731.28. It is presumed that the Legislature is aware of all effective Statutes. Had the Legislature desired the result proposed by the Tax Commissioner; that an error made in the Election of the Valuation of a Qualified Farm Property could not be corrected within the three year period of O.R.C. 5731.28, the Legislature simply could have inserted an Amendment to O.R.C. 5731.28 that it was not available to the tax payer for correcting the Valuation of a Qualified Farm Property pursuant to O.R.C. 5731.011(B)(2). That simple insertion of a denial of use of the Curative Statute would eliminate the controversy in the Case at Bar. This Court finds that there is no Legislative intent ascertainable from O.R.C. 5731.011(B)(2) that the Curative Provisions for the tax payer's benefit to be corrected within the three year period governed by O.R.C. 5731.28 do not apply."
The Tax Commissioner timely appeals the decision of the probate court and raises the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "The Fulton County Probate Court erred in determining that the Estate's failure to make its qualified farm property valuation election within the mandatory time period prescribed by R.C. 5731.011(B)(2), can be cured through use of the general refund provision, R.C. 5731.28. * * *
"SECOND ASSIGNMENT OF ERROR
 "The Fulton County Probate Court erred in granting the Estate's claim for a refund under R.C. 5731.28's provision — permitting refunds where the determination of taxes is erroneous due to a mistake of fact or law, when the Tax Commissioner's determination of tax liability in this matter was not erroneous."
R.C. 5731.011(B)(2), effective July 24, 1986, states that in order to have property included in a gross estate be valued as qualified farm property, an "election shall be made on or before the date by which the return is required to be filed, determined with regard to any extension of time granted pursuant to law for filing the return." R.C.5731.21(A)(1)(a) states that an estate tax return shall be filed within nine months of the date of the decedent's death, i.e., in this case, September 10, 1999.
R.C. 5731.28, effective May 26, 1976, provides that "if the determination of taxes so made is erroneous due to a mistake of fact or law, a claim for refund of tax may be filed by an executor, * * * within three years from the time the return was required to be filed (determined without regard to any extension of time for filing), in the form prescribed by the tax commissioner."
The Tax Commissioner argues in its first assignment of error that the trial court erred in applying the "general provision" of R.C. 5731.28, authorizing refund claims, over the "special provision" in R.C.5731.011(B)(2), requiring the qualified farm property valuation election to be made within nine months of decedent's death.
A special statute is one "enacted for a particular purpose and provides for a specific and definite proceeding and prescribes in detail the method and form of procedure."[1] Whereas, a general statute is one whose terms are "broad enough to include the matter provided for in the special."[2] Regarding rules of construction, R.C. 1.51 states:
 "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."
In support of its position, the Tax Commissioner relies on Olan MillsInc. of Tennessee v. Limbach, Tax Comm'r (1990), 56 Ohio St.3d 70. InOlan Mills, a corporation and its subsidiary had timely filed franchise tax reports separately in 1982, 1983, and 1984. In 1985, the corporations discovered that they would have a greater tax advantage if they combined their net incomes for those tax years. As such, the corporations attempted to file amended returns and sought a refund pursuant to R.C. 5733.12(B), which provides for franchise tax refunds. The Ohio Supreme Court held that the refund statute was a general provision and that the statute that specified when corporations had to file their report to combine their net incomes was a special provision. The Ohio Supreme Court held that the general refund provision did not negate the "timely report" requirement of the special provision so that taxpayers could elect a combined filing if they filed an amended report within three years of the filing of the original report. The court noted that the General Assembly in amending the general refund provision did not alter the requirement that the election to combine filings be indicated in a timely report.
Insofar as R.C. 5731.011 provides for a specific and definite proceeding and prescribes in detail the method and form of procedure,e.g. that a qualified farm property election must be made by the date the return is required to be filed, we find that R.C. 5731.011(B)(2) is a special statute. Whereas, R.C. 5731.28 is a general statute concerning refunds. Accordingly, we find that R.C. 1.51 must be applied to this situation.
By allowing the estate to elect alternate valuation beyond the nine months following the decedent's death, pursuant to R.C. 5731.28, on the premise that a mistake of fact or law was made and a refund is required, the time requirement of R.C. 5731.011(B)(2) would be rendered ineffective. Hence, we find that the statutes are incapable of being construed together because effect cannot be given to both.[3] Insofar as the conflict between the provisions is irreconcilable, the special provision prevails as an exception to the general provision.[4]
Accordingly, we find that an estate is required to make a qualified farm property election on or before the date by which the return is required to be filed, determined with regard to any extension of time granted pursuant to law for filing the return.[5] This time requirement for making such an election cannot be extended through use of the general refund provision provided for by R.C. 5731.28.
Based upon the foregoing, we find that the estate is not entitled to correct its return to reflect its desire to elect a qualified farm property valuation. Accordingly, we find the Tax Commissioner's first assignment of error well-taken. The Tax Commissioner's second assignment of error is therefore denied as moot.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Fulton County Court of Common Pleas, Probate Division, is reversed. This matter is remanded to the court for further proceedings in accordance with this decision. The estate is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Leach v. Collins (1931), 123 Ohio St. 530, 533.
[2] Id., citing, Rodgers v. U.S. (1902) 185 U.S. 83.
[3] R.C. 1.51.
[4] Id. See, also, Olan Mills, 56 Ohio St.3d 70.
[5] R.C. 5731.011(B)(2).