[Cite as *State v. Elam*, 2014-Ohio-1666.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHAUN ELAM | : | Case No. 13-CA-89 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 13TRC05498

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 17, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

J. MICHAEL KING                          BRYAN BOWEN
40 West Main Street                       338 South High Street
4th Floor                                 Columbus, OH  43215
Newark, OH  43055
*Farmer, J.*

{¶1}   On June 8, 2013, Ohio State Highway Patrol Trooper Daniel Moran, Jr., stopped appellant, Shaun Elam, for speeding.   Upon investigation, Trooper Moran asked appellant to perform field sobriety tests.   Appellant was subsequently charged with speeding in violation of R.C. 4511.21 and driving under the influence in violation of R.C. 4511.19.

{¶2}   On July 8, 2013, appellant filed a motion to suppress, claiming Trooper Moran did not have probable cause to arrest him.   A hearing was held on August 21, 2013.  By judgment entry filed August 23, 2013, the trial court denied the motion.

{¶3}   On August 29, 2013, appellant pled no contest to the charges.   By judgment entry filed same date, the trial court found appellant guilty, and sentenced him to thirty days in jail, twenty-seven days suspended.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

I

{¶6}   Appellant claims the trial court erred in denying his motion to suppress, as Trooper Moran lacked sufficient probable cause to arrest him.  We disagree.

{¶7}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1

Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} Probable cause to arrest exists when a reasonable prudent person would believe that the person arrested had committed a crime. *State v. Timson,* 38 Ohio St.2d 122 (1974). A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals, and location. Katz, *Ohio Arrest, Search and Seizure,* Sections 2:13-2:19, at 59-64 (2009 Ed.). As the United States Supreme Court stated when speaking of probable cause "we

deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175 (1949).

{¶9} "The standard for determining whether the police have probable cause to arrest an individual for OVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonable trustworthy source of facts and circumstances to cause a prudent person to believe that the suspect was driving under the influence." *State v. Swope,* 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3849, ¶ 22.

{¶10} The issue is whether appellant's actions and Trooper Moran's observations lead to probable cause to arrest. We note each case is determined individually from the facts and observations presented.

{¶11} In its August 23, 2013 judgment entry denying the motion to suppress, the trial court included a detailed discussion of the facts leading to Trooper Moran's decision to arrest appellant, and concluded the following:

> Although the Court believes the facts and circumstances in this case provide the thinnest of margins to establish probable cause to arrest the defendant for OVI, the holding in *Lominack,* combined with the factors enumerated in *Evans* and adopted in *Shullo* by the Fifth District Court of Appeals, requires that there can be no conclusion but that Trooper Moran had probable cause to arrest the defendant and request that he submit to a breath alcohol test.

{¶12} Appellant was first observed traveling on U.S. Route 40 over the speed limit, 67 m.p.h. in a 55 m.p.h. zone. T. at 6. When asked where he was coming from, appellant had to correct himself from "Wal-Mart Road" to "Wal-Mart." T. at 7. Trooper Moran observed that appellant had red glassy eyes and his cheeks were red, and detected an odor of alcohol coming from his person. T. at 7-8. Although appellant originally denied drinking, he changed his story and admitted he had consumed two beers and was coming from Easton. T. at 8. Trooper Moran had appellant perform three field sobriety tests. Appellant was administered the horizontal gaze nystagmus test and six clues were observed, indicating impairment. T. at 15-16. Appellant also performed the one-leg stand test which he performed satisfactorily indicating only one clue out of four, and the walk and turn test indicating only one clue out of eight. T. at 17-18. Appellant passed two of the three tests. Appellant also successfully recited the "alphabet test" twice. T. at 19.

{¶13} Trooper Moran testified to the following:

Based on everything that I saw from the uh… His speed was a primary reason why I was stopping him, from his answers that he gave me, the way he smelled, the way he looked, his eyes, his cheeks, just his mannerisms. Uh based on the field testing, the Horizontal Gaze Nystagmus, which is an involuntary motion and the other tests. I felt that he was over the legal limit.

{¶14}  Upon review, we find from the facts observed by Trooper Moran, coupled with appellant's own actions, the trial court did not err in denying the motion to suppress.

{¶15}  The sole assignment of error is denied.

{¶16}  The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.

SGF/sg 321